(No. 35699.—

OAK PARK TRUST AND SAVINGS BANK, Trustee, Appellee, *vs.* THE VILLAGE OF MIDDLEBURY, Appellant.

*Opinion filed September 29, 1960.*

MALCOLM C. McCUAIG, of Dundee, and BELL, BOYD, MARSHALL & LLOYD, of Chicago, (CHARLES E. HERZOG, of counsel,) for appellant.

HERRICK, VETTE, McNEILL & McELROY, of Chicago, and BRITTAIN, MORGAN, BRITTAIN & KETCHAM, of Elgin, (H. WHEELER BRITTAIN, W. BEN MORGAN, and WILLIAM T. McNEILL, of counsel,) for appellee.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

The Oak Park Trust and Savings Bank, as trustee, filed a petition in the county court of Kane County to disconnect from the village of Middlebury a 59-acre tract of land, including a segment of a State highway. After a hearing the court ordered the land disconnected, and the village has appealed directly to this court. The record contains a certificate of the trial judge that the validity of a municipal ordinance is involved and that in his opinion the public interest requires that the appeal go directly to this court.

The record shows that petitioner's tract lies on the west border of the village about 890 feet north of its south

border. The westerly boundary of petitioner's land is the westerly right-of-way line of State Route 25, petitioner owning the fee to that part of the land included in the road, subject to an easement for highway purposes in favor of the general public.

Insofar as it is relevant section 7—42 of the Revised Cities and Villages Act, pursuant to which the petition was filed, provides as follows: "The owner or owners of record of any area of land consisting of one or more tracts, lying within the corporate limits of any municipality, which (1) is not contiguous in whole or in part to any other municipality; (2) contains 20 or more acres; (3) is not subdivided into municipal lots and blocks; (4) is located on the border of the municipality; and (5) which, if disconnected, will not result in the isolation of any part of the municipality from the remainder of the municipality, may have the area disconnected as follows: The owner or owners of record of any such area of land shall file a petition in the county or circuit court of the county where the land is situated, alleging facts in support of the disconnection. The municipality from which disconnection is sought shall be made a defendant, and it, or any taxpayer residing in that municipality, may appear and defend against the petition. If the court finds that the allegations of the petition are true and that the area of land is entitled to disconnection it shall order the specified land disconnected from the designated municipality." Ill. Rev. Stat. 1957, chap. 24, par. 7—42.

In its answer to the petition the village alleged that petitioner has no dominion and control over the portion of State Route 25 included in the described land, and that the rest of the tract is not on the border of the village. The primary issues in the trial court and in this court are whether petitioner is the "owner of record" of such portion of State Route 25, for the purpose of disconnecting it from the village, and whether the disconnection would result in

the isolation of a part of the village from the remainder. The judgment order finds that petitioner is the record owner of the described tract, subject to dedications for highway purposes; that the tract is not contiguous in whole or in part to any other municipality; that it contains twenty or more acres; that it is not subdivided into municipal lots and blocks; that it is located on the border of the village; that disconnection thereof will not result in isolating any part of the village from the reminder; and that the petitioner has proved the statutory grounds entitling it to a disconnection. There is nothing in the judgment order to show that the court considered or passed upon the validity of an ordinance.

To sustain jurisdiction in this court on direct appeal the village argues that the case involves the validity of an ordinance whereby the village of Middlebury annexed that portion of State Route 25 which was contiguous thereto, including the part in question here. At the trial petitioner introduced in evidence certified copies of this annexation ordinance together with a prior annexation ordinance of the village of Carpentersville, which lies to the south of Middlebury, purporting to show that a small part of the road included in the Middlebury annexation ordinance had already been annexed to Carpentersville. According to respondent's argument in this court, petitioner's purpose was to show invalidity of Middlebury's annexation of the road, since the applicable statute authorized annexation of the highway only "if no part of the annexed territory is within any other municipality." (Ill. Rev. Stat. 1957, chap. 24, par. 7—8.) Petitioner's position here is that the trial judge did not consider the validity of the annexing ordinance, and that a decision of such question was not essential to a determination of the right to detachment.

It is evident that this court is without jurisdiction on direct appeal. The trial court made no finding as to the validity of any ordinance, nor does petitioner seek to sus-

tain the judgment on the ground that the annexing ordinance was void. The issue in the county court was whether the statutory requirements had been met, so as to entitle the tract to be disconnected. It is not pointed out in what manner a determination of the validity of the annexing ordinance was necessary to a decision of this issue, or in what respect the validity of such ordinance is involved in this appeal.

The rule is well settled that the mere construction of a statute, or its application to a certain state of facts, is not sufficient to confer jurisdiction upon this court to entertain a direct appeal. (*Taylor* v. *Krupp,* 14 Ill.2d 36.) The validity of an ordinance, or some other ground for direct appeal, must in fact be involved, and in the absence of other grounds the certificate of the trial judge is not effective to confer jurisdiction where the record shows that the validity of an ordinance was not involved. (*City of Watseka* v. *Wilson,* 11 Ill.2d 265; *Liberty National Bank* v. *Metrick,* 410 Ill. 429.) Where no grounds for jurisdiction exist a direct appeal cannot be entertained, even though the parties consent.

Since the validity of an ordinance is not involved, and no other ground appears warranting a direct appeal, the cause is transferred to the Appellate Court for the Second District.

*Cause transferred.*