Aristo Calabrese, et al., **Plaintiffs-Appellees, v. Hatlen Heights Sewer & Water Co., Inc., et al., Defendants-Appellants.**

Gen. No. 49,557.

First District, First Division.

July 30, 1965.

Rehearing denied September 7, 1965.

Russell J. Topper and Golosinec & Jerrick, of Chicago (Russell J. Topper, of counsel), for appellant.

John Demling and Allan Bloch, of Chicago (John Demling, of counsel), for appellees.

MR. JUSTICE MURPHY delivered the opinion of the court.

This is a mechanic's lien foreclosure proceeding (Ill Rev Stats 1963, c 82, § 9). Defendant, Hatlen Heights Sewer & Water Co., Inc., was dismissed from the proceedings on its own motion during the pleading stage. It now appeals from an order which denied its petition under section 72 of the Civil Practice

Act, to vacate a decree which impressed a mechanic's lien on the subject property, of which it now claims ownership.

In the complaint filed on February 27, 1958, by plaintiffs, Aristo Calabrese and Louis Karagiannes, doing business as City and Suburban Sewerage Contractors, three defendants were named: Hatlen Heights Sewer & Water Co., Inc. (Hatlen *Utility*); Hatlen Construction Co., Inc. (Hatlen *Construction*); and Edmund Kucharski, Registrar of Titles. On February 25, 1959, the court sustained Hatlen *Utility's* motion to strike and dismiss the complaint, "and said complaint insofar as it relates to said defendant is accordingly dismissed. . . . the motion of Hatlen *Construction* Co., Inc., to strike be and the same is hereby denied." (Emphasis supplied.)

On October 23, 1962, an order was entered that Hatlen *Construction* "is in default, and the complaint is confessed against it." On October 26, 1962, a decree was entered which found that the plaintiffs were entitled to $18,903.26 from Hatlen *Construction* and impressed a mechanic's lien for that amount on the premises described in the complaint as Lot 12 in Block 2 in Hatlen Heights Unit 1, "as of September 26, 1956, together with interest at the rate of five percent per annum since the 16th day of July, 1957, . . . ." The decree, after reciting that the complaint was "taken as confessed, and the plaintiff having introduced evidence in support of the complaint, and the Court having heard testimony and received evidence and being fully advised in the premises," included the following finding: "That on May 28, 1958, there was filed in the office of the Registrar of Torrens Titles a Lis Pendens notice bearing the caption of the within cause, and describing the property hereinabove described; that on May 28, 1958, the certifi-

cate of title evidencing ownership of said property bore the number 709311 and was issued to defendant Hatlen Construction Company, Inc., and that on said date there were no other memorials on said Certificate of Title."

On October 25, 1963, the dismissed defendant, Hatlen *Utility,* filed its verified petition under section 72 of the Civil Practice Act to vacate the decree of October 26, 1962. Plaintiffs filed a verified answer to the petition, and defendants replied in detail to the answer.

On December 30, 1963, an order was entered which shows that after the court "heard arguments of counsel thereon and being fully advised in the premises," it denied the petition to vacate the decree of October 26, 1962. This is the order from which defendant Hatlen *Utility* appeals.

Initially, we note plaintiffs contend that "since no report of proceedings appears in the record, it must be conclusively presumed that the trial court was correct in denying the motion to vacate." To this contention, defendants reply by asserting: "Plainly, this presumption rule has no application to the case at hand. Here the record supplies all the facts; there are no issues of fact but only issues of law bearing upon the jurisdiction of the trial court. The issues here do not involve the sufficiency of evidence to support the court's decision refusing to vacate the ex parte decree of October 26, 1962, but rather, whether the court, after the dismissal order of February 25, 1959, possessed the jurisdiction to enter decisions of any kind, except only to vacate said decree of October 26, 1962. A report of proceedings could hardly be of material aid to the solution of this problem." Hence, our consideration of this appeal proceeds on that premise.

Defendants' contentions on appeal are: (1) That while the complaint was framed against three defendants, it stated only one cause of action and sought relief solely from defendant Hatlen *Utility,* and when that defendant was dismissed out of the case, "jurisdiction to enter the decree of October 26, 1962 was wholly lacking where the final order of February 26, 1959 dismissing the only defendant terminated the cause and divested the court of jurisdiction." (2) "The court is without jurisdiction or authority to decree a mechanic's lien where there is neither complaint nor charges of obligation or liability nor prayer for such relief against Hatlen Construction Company." (3) "Jurisdiction to enter the October 26 lien decree against the Unit 1 property of Hatlen Heights Sewer & Water Co., Inc. is wanting, where the legislature has conferred such jurisdiction upon the Illinois Commerce Commission." (4) "The decree erroneously established a mechanics' lien against uncommitted and uninvolved property. Unit 1 Tract is: A. Neither the subject of the pleaded contract. B. Nor the object of the work done. C. Nor the property of the decree-charged Hatlen Construction Company."

As to section 72 of the Practice Act, our Supreme Court has made various pronouncements from time to time: People v. Touhy, 397 Ill 19, 24, 72 NE2d 827 (1947); Ellman v. De Ruiter, 412 Ill 285, 292, 106 NE2d 350 (1952); Burns v. The People, 9 Ill2d 477, 479, 138 NE2d 525 (1956). In Collins v. Collins, 14 Ill2d 178, 151 NE2d 813 (1958), it said (p 182):

> "Section 2 provides that writs of error *coram nobis* and *coram vobis,* writs of *audita querela,* bills of review and bills in the nature of bills of review are abolished, and that all relief previously obtainable and the grounds for relief previously available, either at law or in equity

whether by any of the foregoing remedies or otherwise, continues to be available in every case, by proceedings under this section, regardless of the nature of the order, judgment or decree from which relief is sought or of the proceedings in which it was entered. . . . [p 183] Bills of review were formerly available for the purpose of obtaining relief from decrees for error apparent upon the face of the record. That remedy was not available as a substitute for an appeal or a writ of error, but it was available only for an error of law apparent on the record. It could not be availed of where the decree was merely the result of mistaken judgment, but was applicable where the decree was contrary to a rule of law or statutory provision. . . . The error of law must be apparent from an examination of the record, as the court cannot look into the evidence in the case . . . and in a chancery case that record is confined to the pleadings, process and decree."

Using pronouncements made in the foregoing cases as guidelines, we do not believe that section 72 was intended to permit a defendant, who was dismissed out of a mechanic's lien proceeding on its own motion during the pleading stage, and before the entry of a decree against the remaining defendant and subject property, to re-enter the case on the theory that it was the owner of the subject property, and that the complaint did not state a cause of action against the remaining codefendant, Hatlen *Construction*. These contentions were inherent in the basic proceedings and available for determination by the court during the time Hatlen *Utility* was a party defendant. If Hatlen *Utility* desired to litigate these contentions, it should have done so before severing itself, by its own

438

motion, from the pending mechanic's lien foreclosure proceedings. We hold the trial court was correct in denying the petition to vacate the decree of October 26, 1962.

The order is affirmed.

Affirmed.

BURMAN, P. J. and KLUCZYNSKI, J., concur.