(No. 39542.—

ARISTO CALABRESE *et al.,* Appellees, *vs.* HATLEN HEIGHTS SEWER & WATER CO., INC., *et al.,* Appellants.

*Opinion filed March 24, 1966.—Rehearing denied May 18, 1966.*

RUSSELL J. TOPPER and GOLOSINEC & JERRICK, both of Chicago, for appellants.

JOHN DEMLING and ALLAN BLOCH, both of Chicago, for appellees.

Mr. JUSTICE HOUSE delivered the opinion of the court:

The defendant, Hatlen Heights Sewer & Water Co., Inc., filed in the circuit court of Cook County a petition under section 72 of the Civil Practice Act seeking to vacate a decree wherein a mechanic's lien had been impressed on certain property. The petition was denied and upon appeal to the appellate court the order of denial was affirmed. (*Calabrese* v. *Hatlen Heights Sewer & Water Co., Inc.* 61 Ill. App. 2d 434.) Defendant now appeals directly to this court, asserting that we have jurisdiction because of con-

stitutional questions arising for the first time in the appellate court. Our first concern is with the question of our jurisdiction. For this purpose it is unnecessary to relate the background, which may be found in the appellate court opinion.

Section 72 of the Civil Practice Act, (Ill. Rev. Stat. 1961, chap. 110, par. 72,) was designed to provide a simple but comprehensive procedure by which a litigant, after thirty days, might seek to be relieved from a final judgment or decree on grounds such as fraud, death, lack of jurisdiction, errors of law apparent on the face of the record, and the like, which formerly supported the granting of relief under a bill of review, a motion in the nature of a writ of error *coram nobis* and others. (*Collins* v. *Collins,* 14 Ill.2d 178.) One function of the section is to bring to the attention of the court matters of fact not appearing of record which, if known to the court at the time judgment was entered, would have prevented its rendition, (*Burns* v. *People,* 9 Ill.2d 477; *Linehan* v. *Travelers Ins.* Co. 370 Ill. 157,) and it was not intended to relieve a litigant from the consequences of his own negligence. (*Williams* v. *Pearson,* 23 Ill.2d 357.) Here, defendant represents the appellate court as having decided that the remedy afforded by section 72 does not extend to cases where a judgment or decree is attacked on "jurisdictional and constitutional" grounds, and on this premise contends: (1) that the appellate court has redrafted and amended section 72 thereby invading the province of the legislature and violating article III of the Illinois constitution; and (2) that in making such a determination the appellate court exercised original jurisdiction in violation of section 9 of article VI of the constitution.

A reading of the opinion of the appellate court demonstrates that these constitutional theories are bottomed on a false premise. The reviewing court held under the facts that defendant was not entitled to relief under section 72, and suggested that defendant had been guilty of negligence. This does not constitute amending the statute or ruling that

defendant was excluded from pursuing the remedy the section was intended to provide. The only issue raised by the opinion of the appellate court is the correctness of its application of section 72 to the facts in this case, and that raises no constitutional question. The mere construction of a statute, or the question of its application to a certain state of facts, is not sufficient to confer jurisdiction on this court to entertain a direct appeal. *Oak Park Trust and Savings Bank* v. *Village of Middlebury,* 20 Ill.2d 122; *Taylor* v. *Krupp,* 14 Ill.2d 36.

As a further jurisdictional basis it is contended that the "refusal" of the appellate court to review "the merits of the appeal" deprived defendant of due process of law, and that such refusal "compounded the denial of due process" which occurred when the trial court entered the decree. The record shows that defendant was afforded an orderly hearing on its petition to vacate, both in the trial and appellate courts, and the essence of defendant's present complaint is that those courts reached the wrong result. A contention of such character raises no constitutional question, but only an issue of the correctness of the judgment or decree, inasmuch as due process is not a guaranty against erroneous decisions by the courts. *Kimbrough* v. *Parker,* 407 Ill. 274; *Abrams* v. *Awotin,* 388 Ill. 42; *Merlo* v. *Public Service Co. of Northern Illinois,* 381 Ill. 300; *Economy Dairy Co.* v. *Kerner,* 371 Ill. 261.

Anticipating a finding that there is no constitutional question to serve as the basis of our jurisdiction, defendant, purporting to rely on Rule 32(6) of this court, (see: 28 Ill.2d xxxv) asks in the alternative that we take its brief as a petition for leave to appeal. The rule relied upon can be of no aid in this case since the appeal was not filed within the time prescribed for filing petitions for leave to appeal.

Since there are no constitutional questions which confer jurisdiction, the appeal is dismissed.

*Appeal dismissed.*