**Rebecca L. Danforth, Plaintiff-Appellee, v. Checker Taxi Company, Inc., et al., Defendant-Appellant.**

Gen. No. 53,009.

First District, Third Division.

September 18, 1969.

Rehearing denied October 23, 1969.

Jesmer and Harris, of Chicago (Richard C. Smilgoff, of counsel), for appellant.

Sheldon Hodes, of Chicago (Alan J. Scheffres, of counsel), for appellee.

MR. JUSTICE SCHWARTZ delivered the opinion of the court.

In a proceeding under section 72 of the Civil Practice Act (Ill Rev Stats, c 110, § 72 (1967)), the trial court vacated an order dismissing a personal injury suit because of the failure of the plaintiff to answer interrogatories submitted by the defendant in accordance with the provisions of Supreme Court Rule 219(c) (Ill Rev Stats, c 110A, § 219(c) (1967)). The court found that there was negligence on the part of plaintiff's attorney in failing to comply with the court's orders, but evidently considered dismissal of the suit too drastic a remedy and instead entered an order vacating the judgment upon condition that plaintiff pay $100 to the Clerk of the Court as costs · and $100 to the defendant for its expenses and attorney's fees. The Clerk accepted, but the defendant refused the amount tendered and thereupon the court entered the order of vacation. The events leading to entry of the order are stated in the order and we here present the substance thereof.

On February 20, 1967, the plaintiff filed suit for personal injuries against the Checker Taxi Company (Checker). On March 27, 1967, after filing its appearance and answer in due course Checker served plaintiff with written interrogatories to be answered by her and filed a copy thereof with the court. Pursuant to Supreme Court Rule 213(c) (Ill Rev Stats, c 110A, § 213(c) (1967)), either a sworn answer or an objection to each interrogatory was required to be filed *within twenty-eight days after service on the plaintiff*. Plaintiff did not answer. On April 27, 1967, defendant served plaintiff with notice that her answers were overdue and filed a copy of the notice with the court. Plaintiff still did not answer and the defendant served her with a notice of motion supported by affidavit that on August 4, 1967, a motion would be made to strike the complaint and dismiss the cause. On that

473

day the court entered an order requiring the interrogatories to be answered on or before September 1, 1967. Plaintiff failed to obey the order and defendant again served her with a notice of motion supported by affidavit for a hearing on September 26, 1967, to strike the complaint and dismiss the cause. The plaintiff denied receiving the notice and was not present at the hearing on the motion. On September 26 the court entered an order requiring plaintiff to answer the interrogatories on or before October 24, 1967, and the matter was continued without further notice to October 25th. Plaintiff failed to comply with that order and on October 25, 1967, the matter again came before the court and again neither the plaintiff nor her attorney were present. Thereupon the court dismissed the suit on motion of defendant. The only denial by plaintiff that notices were received, as hereinbefore stated, was with respect to the notice of September 26, 1967, and notwithstanding that denial, the court found that the notice was in fact served on plaintiff. We accept the court's finding in that respect.

On January 2, 1968, the plaintiff filed her petition to vacate the order of dismissal and to reinstate the cause pursuant to section 72. The defendant replied and the matter was set for hearing on February 13, 1968. Plaintiff did not appear even then and the hearing was continued to the following day. On February 14th the matter was continued to the 16th, at which time it was taken under advisement and on February 26, 1968, pursuant to leave of court plaintiff filed her answers to defendant's interrogatories and the court entered an order vacating the order of October 25, 1967, on the conditions hereinbefore set forth.

Defendant contends that relief under section 72 of the Civil Practice Act is not available to plaintiff because her petition does not adequately allege that she was free from fault in failing to inform the court of facts which would have prevented rendition of the judgment, and that even

if the sufficiency of the petition is admitted, the court's finding of negligence on the part of plaintiff precludes relief.

▪ ■■■ Section 72 is a proceeding which took the place of those extraordinary writs in which relief was granted after the expiration of the term. It is a proceeding separate and apart from the proceeding in which the judgment complained of was rendered. It enables a party to bring before the court facts not appearing of record which, *if known to the court at the time judgment was entered,* would have prevented its rendition. Brockmeyer v. Duncan, 18 Ill2d 502, 165 NE2d 294; Glenn v. The People, 9 Ill2d 335, 137 NE2d 336. A litigant may not avail himself of the remedy provided for in section 72 unless he shows that through no fault or negligence of his own, the error of fact or the existence of a valid defense was not made to appear to the trial court. Esczuk v. Chicago Transit Authority, 39 Ill2d 464, 236 NE2d 719; Brockmeyer v. Duncan, supra. As in any civil case it is necessary that the petitioner allege and prove a right to the relief sought. Where the petition fails to state a cause of action or shows on its face that the petitioner is not entitled to the relief, it is subject to a motion to dismiss. Fennema v. Vander Aa, 42 Ill2d 309, 247 NE2d 409; Brockmeyer v. Duncan, supra. Plaintiff's petition in the case before us alleges nothing that can reasonably be said to excuse her failure to file answers to the interrogatories in accordance with the rules of court and the orders directing her to do so. It is argued however that fundamental fairness demands that litigation be disposed of on the merits and it is on that basis that the plaintiff really rests her case.

To have a case tried on its merits is, of course, the desirable goal, but we must also have rules relating to procedure and even statutes of limitation. Courts are reluctant to dismiss suits for failure to comply with procedural rules and court orders intended to enforce

them, but there are circumstances under which that must be done or the whole system will bog down. That which would best serve the interests of the dilatory party is not the only factor to be considered. The argument that fundamental fairness demands a trial on the merits might be persuasive if urged in the trial court before the expiration of the thirty day period, the current substitute for term time.

■ Disregard for procedural rules intended to expedite the disposition of litigation can only contribute to the problem those rules were designed to ameliorate. Considering the enormous backlog of cases confronting our courts, due primarily to the vast increase of personal injury litigation, we cannot be indifferent to procedural rules such as those here involved. A general understanding that section 72 was always available for relief regardless of neglect in failing to comply with court orders would add to the case load and penalize those who obey the court's orders by subjecting them to further delay. We proceed to consider the plaintiff's argument that the negligence of her attorney should not be imputed to her.

■ Under our system of representative litigation the general rule is that the client is bound by the acts and omissions of his lawyer-agent in the prosecution of a remedy. People v. Brown, 39 Ill2d 307, 235 NE2d 562. To have it any other way would lead to chaos. Courts could not rely on facts stipulated, admissions noted or many other matters in which our courts accept the lawyer's statements as binding on his client. In the instant case notices were given to the plaintiff's attorney and were ignored. Even after the court's orders of August 4, 1967, and September 26, 1967, plaintiff's attorney still did not come into court until after the expiration of the time allowed for compliance. The court found that on one occasion the plaintiff herself was notified. To hold that a

proceeding under section 72 could be invoked to set aside a judgment on a record of neglect such as we have here would render all judgments precarious.

Plaintiff has called our attention to cases in which judgments have been set aside in section 72 proceedings. None of them are comparable to the instant case.

■ The order granting the plaintiff's petition to vacate the order dismissing the suit is reversed.

Order reversed.

DEMPSEY, P. J. and McNAMARA, J., concur.