Petronele Petrauskas, Plaintiff-Appellant, *v.* John Motejunas *et al.,* Defendants-Appellees.

(No. 54314; )

First District—May 3, 1971.

*Rehearing denied June 3, 1971.*

Edwin L. Johnson and Gerald Chapman, both of Chicago, for appellant.

Frankenstein, Lewis & Feierberg, of Chicago, (A. S. Frankenstein and R. R. Frankenstein, of counsel,) for appellees.

Mr. JUSTICE SCHWARTZ delivered the opinion of the court:

Plaintiff filed suit on April 12, 1961, seeking damages pursuant to the provisions of the Dram Shop Act. (Ill. Rev. Stat. 1969, ch. 43, sec. 135.) On a trial by jury the defendants Emma and John Motejunas were found not guilty on November 28, 1966. Judgment was promptly entered on the finding, as is the practice in our trial courts. A motion for a new trial was filed, continued a number of times and finally denied on March 29, 1967. On October 21, 1968, more than eighteen months after denial of the post-trial motion, the plaintiff filed what is entitled, "Motion Pursuant to Section 72 of the Illinois Civil Practice Act." By that "motion" the plaintiff seeks to set aside the verdict and judgment and in effect seeks to renew her motion for a new trial on the ground of newly discovered evidence. The motion was denied by the court on June 6, 1969. Plaintiff on appeal contends that the new evidence is material, that she has exercised reasonable diligence in presenting it and that the trial court abused its discretion in refusing to vacate the prior judgment and order a new trial. The facts follow.

Plaintiff filed suit against Liudas Taujanis, John Motejunas and Emma Motejunas for personal injuries sustained in an automobile accident on September 2, 1960. The complaint alleged that plaintiff was a guest in an automobile driven by Taujanis, that she was injured when the car collided with a telephone pole, that Taujanis was intoxicated at the time of the accident, and that the Motejunases were the owners of the tavern in which Taujanis had been drinking prior to the accident. Evidence presented at the trial revealed that Taujanis began drinking at the Motejunas' tavern between 7:00 and 8:00 P.M. on September 24, 1960, and that he had at least two shots of whiskey and a bottle of beer. Frank

Pauskeys testified on behalf of the plaintiff that he arrived at the tavern at approximately 7:00 or 8:00 P.M. and saw Taujanis there and that the latter remained in the tavern for the next three hours. In Pauskeys' opinion Taujanis was drunk at that time. Plaintiff testified that she returned home from a party at about 12:30 A.M. on September 25, 1960. Shortly after her return she received a telephone call from Taujanis, who said that he wanted to come over and pay her some money he owed her. He arrived about ten minutes later and told plaintiff he had to go and get the money. He opened the door of his car and she got in. The accident occurred thirty to forty-five minutes later. Plaintiff testified that the car swerved off the road, went 300 feet through a vacant lot and collided with a telephone pole. She further testified that Taujanis appeared to be drunk. Police Officer Allen Wallenburg testified that he was on patrol in the area when he saw the Taujanis vehicle veer off the road and into a gulley. He arrived at the scene at approximately 3:30 A.M., minutes after the accident occurred and while Taujanis was removing plaintiff from the car. The officer testified that he was unable to detect the odor of alcohol on Taujanis' breath, that Taujanis was coherent after the accident and that in his opinion Taujanis was not intoxicated. The jury returned a verdict in favor of the defendants John and Emma Motejunas and against the plaintiff and in favor of plaintiff and against Taujanis in the sum of $15,000.

The newly discovered evidence now presented by the plaintiff consists of five affidavits. One signed by plaintiff states that she was incorrect in testifying at the trial that she had returned home from a party at 12:30 A.M., that the correct time was 2:00 or 2:15 A.M., and that Taujanis arrived at her apartment at approximately 2:30 or 2:45 A.M. Two other affidavits, one by the host of the party the plaintiff had attended, and the other by her landlord, corroborated the new time sequence. A fourth affidavit was made by one Stasys Bulkauikas who averred that he saw Taujanis leave the Motejunas' tavern at about 1:30 or 2:00 A.M. and that Taujanis appeared to be drunk. The fifth affidavit was made by one Matas Naujokus, who stated that he met Taujanis at the Motejunas' tavern at 10:00 P.M., that at 10:30 P.M. he and Taujanis left for dinner, that they returned at 12:30 A.M. and that they finally left the tavern at 2:00 A.M. Naujokus averred that Taujanis had been drinking whiskey and beer prior to dinner, that during dinner Taujanis had a small glass of brandy, that on their return to the tavern Taujanis continued drinking whiskey and beer and that when they finally left the tavern, he (Taujanis) was drunk. All these affidavits were signed in September or October 1968 and refer to events which occurred approximately eight

years earlier. Moreover Matas Naujokus was mentioned by plaintiff in her deposition prior to trial as the man who saw Taujanis drinking at the Motejunas tavern, but apparently Naujokus was never contacted.

■■ Section 72 of the Civil Practice Act was designed to substitute a simple remedy for the relief previously available through such writs as error *coram nobis* and *coram vobis*, writs of *audita querela*, bills of review and bills in the nature of bills of review. (*Calabrese v. Hatlen Heights Sewer & Water Co., Inc.*, 34 Ill.2d 483, 216 N.E.2d 145.) The function of a Section 72 petition is to bring before the court rendering judgment, matters of fact not appearing in the record which, if known to the court at the time judgment was entered, would have prevented its rendition. (*Brockmeyer v. Duncan*, 18 Ill.2d 502, 165 N.E.2d 294.) While that provision has been applied with an eye to achieving justice, it was never intended to give a party a new opportunity to do that which should have been done in an earlier proceeding. Thus a litigant may not avail himself of the remedy provided for under Section 72 unless he shows that through no fault or negligence of his own, the error of fact was not made to appear to the trial court. (*Danforth v. Checker Taxi Co., Inc.*, 114 Ill.App.2d 471, 253 N.E.2d 114.) A Section 72 proceeding is a new action separate and apart from the proceeding in which the judgment complained of was entered and the petitioner must allege and prove a right to the relief sought. (*Fennema v. Vander Aa*, 42 Ill.2d 309, 247 N.E.2d 409.) It is well settled that to obtain a new trial because of newly discovered evidence, it must appear that reasonable diligence was used to procure the evidence prior to trial. (*Pritchett v. Steinker Trucking Co., Inc.*, 40 Ill.2d 510, 240 N.E.2d 684; *Kaster v. Wildermuth*, 108 Ill.App.2d 288, 247 N.E.2d 431.) Examining the affidavits in the instant case in that light, it is clear that an adequate pretrial investigation would have resulted in discovery of the evidence now presented in the affidavits of plaintiff's landlord and of the host of the party she attended the night of the accident. Plaintiff's failure to diligently prepare her case for trial also accounts for the fact that Matas Naujokus, known by plaintiff prior to the trial to be a material witness, was never contacted. Of the two remaining affidavits, neither the one signed by plaintiff, which contradicts her earlier testimony, nor the one made by Stasys Bulkaunikas, present new evidence so conclusive that it would probably lead to a different result on a new trial.

■■ Plaintiff argues that justice will indeed be denied if this court does not order a new trial on the merits. Prompt disposition of litigation already backlogged many years on our crowded court calendars compels the exercise of restraint in granting new trials in cases where available facts could have been discovered by diligent investigation. That which

would best serve the interests of the dilatory party is not the only factor to be considered. *Danforth v. Checker Taxi Co., Inc.,* 114 Ill.App.2d 471, 253 N.E.2d 114.

The trial court did not abuse its discretion in denying plaintiff's petition under Section 72. Judgment is accordingly affirmed.

Judgment affirmed.

LYONS and GOLDBERG, JJ., concur.