EVELYN JOHNSON, Plaintiff-Appellant, v. SHELDON STEINER *et al.*, Defendants-Appellees (Northwest Hospital, Inc., *et al.*, Defendants).

First District (4th Division)   No. 87—3063

Opinion filed December 22, 1988.—Rehearing denied February 24, 1989.

David A. Novoselsky & Associates and Peter F. Zullo, both of Chicago (David A. Novoselsky and Kathleen M. Krist, of counsel), for appellant.

Pretzel & Stouffer, Chartered, and Rooks, Pitts & Poust, both of Chicago (Robert Marc Chemers, Michael A. Clarke, David J. Pritchard, and Charles A. Le Moine, of counsel), for appellees.

JUSTICE LINN delivered the opinion of the court:

Plaintiff, Evelyn Johnson, brought a medical malpractice action in the circuit court of Cook County against defendants, Northwest Hospital, Inc; Arvind Patel, M.D.; Sheldon Steiner, M.D.; Arthur Broder, M.D.; Ralph Cabin, M.D.; Shobha Parikh, M.D.; Cardiovascular and Pulmonary Associates, S.C.; Consultants In Neurology, Ltd.; and unknown medical personnel and employees of Northwest Hospital. Drs. Patel and Steiner each sought and received summary judgment, based on their affidavits accompanying their motions.

Approximately one year later, plaintiff filed a petition for relief from judgment. (Ill. Rev. Stat. 1987, ch. 110, par. 2—1401.) Plaintiff petitioned the trial court to vacate the summary judgments for Patel and Steiner, thereby reinstating them in the action. Plaintiff appeals from the trial court's denial of her petition, contending that the trial court abused its discretion.

We affirm the order of the trial court.

BACKGROUND

The record shows that on August 29, 1983, plaintiff was involved in an automobile accident. She was taken to Northwest Hospital, where she was initially examined and treated in the emergency room by various medical personnel. She was admitted to the hospital and underwent examinations, tests, and treatment for several days, administered by defendants.

Plaintiff alleged that during her stay at Northwest Hospital, X-ray photographs of her were taken. The X rays revealed that plaintiff's left wrist was fractured. However, defendants failed to treat this injury. On November 11, 1983, plaintiff sought treatment for her left wrist at another hospital. On November 15, 1983, plaintiff underwent surgery to repair the fracture.

Plaintiff filed her amended complaint on August 9, 1985. She named as defendants Northwest Hospital; Parikh; Broder; Cabin;

Consultants In Neurology, Ltd., which employed Cabin; Patel; Steiner; Cardiovascular and Pulmonary Associates, S.C., which was Steiner's solely owned professional corporation; and other unknown medical personnel and hospital employees. Plaintiff alleged essentially that defendants breached their duty of due care owed to her by negligently failing to examine, diagnose, and treat her left wrist. Plaintiff further alleged that defendants' negligence proximately caused her several injuries. Plaintiff sought damages.

Patel filed a motion for summary judgment on January 14, 1986. In support thereof, he attached to the motion his own affidavit. Patel stated in his affidavit that he did not practice radiology or orthopedics, and that he never examined or treated plaintiff's left wrist; he was never asked to do so. His treatment of plaintiff focused exclusively on her abdominal injuries. Patel lastly stated that, in his treatment of plaintiff's abdominal injuries, he acted within the accepted standard of care at all times. In his motion for summary judgment, Patel stated that he was called in as a consultant exclusively regarding plaintiff's abdominal injuries and that plaintiff was not complaining of that treatment. Patel stated that no genuine issue existed as to any material fact related to him.

On March 5, 1986, the trial court held a hearing on Patel's motion for summary judgment. The record shows that the court offered to postpone the hearing on the motion, to allow plaintiff an opportunity to depose Patel. Plaintiff declined the offer and the court granted summary judgment for Patel.

Steiner likewise filed a motion for summary judgment on March 19, 1986. In support thereof, he attached to the motion his own affidavit. Steiner stated in his motion and affidavit that Cardiovascular and Pulmonary Associates, S.C., was his solely owned professional corporation and that he did not practice radiology or orthopedics. Further, he never examined or treated plaintiff's left wrist and he was never asked to do so. He was called in as a consultant exclusively regarding plaintiff's hypertension and potassium levels, his treatment of plaintiff focused exclusively on those areas, and that plaintiff was not complaining of that treatment. He stated that he acted within the accepted standard of care at all times. Steiner also stated that no genuine issue existed as to any material fact related to him. On May 15, 1986, following a hearing on the motion, the trial court granted summary judgment for Steiner.

On December 8, 1986, several months after the entry of summary judgments for Patel and Steiner, plaintiff took the discovery deposition of Broder. Additionally, plaintiff deposed Parikh on January 26,

1987, and Cabin on February 19, 1987.

On April 10, 1987, plaintiff petitioned the trial court to vacate the summary judgments for Patel and Steiner. Plaintiff asserted in the petition that she accepted the affidavits of Patel and Steiner as true and that she had no reason to doubt their truth. Thus, she did not file any counteraffidavits or investigate their statements. In the depositions of Parikh and Cabin, however, plaintiff discovered new evidence showing that Patel and Steiner had the overall responsibility for her care and treatment. Plaintiff asserted not only that the affidavits of Patel and Steiner contradicted the depositions of Parikh and Cabin, but also that the affidavits of Patel and Steiner were false, misleading, and perjurious. Plaintiff asserted that she exercised due diligence in discovering the new evidence, and that had the trial court known of the new evidence, it would not have granted Patel and Steiner summary judgment.

On June 9, 1987, Steiner moved to dismiss plaintiff's petition to vacate. (See Ill. Rev. Stat. 1987, ch. 110, par. 2—615.) Patel did likewise on July 23, 1987. They claimed essentially that plaintiff's petition to vacate did not state a cause of action because plaintiff failed to exercise due diligence to discover the new evidence, both before and after the entry of summary judgment; to establish that the trial court would have reached a different result had it known of the new evidence; and to state a meritorious cause of action against them. Patel and Steiner also claimed that plaintiff failed to establish that their affidavits were false, misleading and perjurious and that plaintiff was attempting to relitigate the same issue decided by the trial court in granting them summary judgment.

On September 1, 1987, the trial court denied Patel's and Steiner's motion to dismiss, ruling that plaintiff's petition stated a cause of action. However, the court denied plaintiff's petition to vacate. The court ruled that plaintiff failed to exercise due diligence in discovering the evidence before it entered summary judgment for Patel and Steiner. Plaintiff appeals.

OPINION

■ Courts have explained the prerequisites of a petition for relief from judgment in many cases over the years; the applicable legal principles are quite settled. A trial court cannot review its own judgment after the expiration of 30 days from the date of entry. (*Brockmeyer v. Duncan* (1960), 18 Ill. 2d 502, 505, 165 N.E.2d 294, 296.) However, section 2—1401 of the Code of Civil Procedure provides a procedure for obtaining relief from final orders and judgments after 30 days

from the date of entry. (Ill. Rev. Stat. 1987, ch. 110, par. 2—1401.) It was designed to substitute a simple remedy for the relief previously available through various common law writs. The function of a section 2—1401 petition is to bring before the court that rendered a judgment facts not appearing of record which, if known to the court at the time judgment was entered, would have prevented its rendition. *Petrauskas v. Motejunas* (1971), 133 Ill. App. 2d 293, 296, 272 N.E.2d 805, 807-08.

A section 2—1401 proceeding is a new action separate and apart from the proceeding in which the judgment complained of was entered. A section 2—1401 petitioner bears the burden to allege and prove facts sufficient to justify relief. (*Petrauskas*, 133 Ill. App. 2d at 296, 272 N.E.2d at 808.) Although courts apply the provision with the aim of achieving justice, section 2—1401 was never intended to give a litigant a new opportunity to do that which should have been done in an earlier proceeding; the section was never intended to relieve a litigant of the consequences of his mistake or negligence. *Malek v. Lederle Laboratories* (1987), 152 Ill. App. 3d 493, 497, 504 N.E.2d 893, 895.

Based on the foregoing, a section 2—1401 petitioner must allege and prove: (1) that if the ground for relief had been known at the time judgment was entered, it would have prevented the entry of judgment against him; and (2) that failure to discover and present the ground for relief was not the result of his own lack of diligence. (*Ostendorf v. International Harvester Co.* (1982), 89 Ill. 2d 273, 283, 433 N.E.2d 253, 257.) Specifically, to set aside a judgment based on newly discovered evidence, it is quite settled that the evidence must be such as could not reasonably have been discovered at the time of or prior to the entry of the judgment. *Meudt v. Travelers Insurance Co.* (1978), 57 Ill. App. 3d 286, 294, 372 N.E.2d 902, 908; *Ulrich v. Glyptis* (1967), 79 Ill. App. 2d 447, 453-54, 224 N.E.2d 581, 585.

Lastly, we noted earlier that Patel and Steiner did not answer plaintiff's petition. For purposes of a section 2—1401 petition, as in other pleadings, failure to answer the well-pled allegations in the petition constitutes an admission. Therefore, we must accept as true plaintiff's well-pled allegations, as did the trial court, and the only issue before this court is whether the petition adequately sets forth sufficient facts to show that the trial court abused its discretion in denying the petition. (See *Tsuetaki v. Novicky* (1983), 158 Ill. App. 3d 505, 511, 509 N.E.2d 1019, 1024.) The petition is addressed to the sound discretion of the trial court; a court of review will not disturb the trial court's ruling absent a clear abuse of that discretion. *Meudt*, 57 Ill.

App. 3d at 294, 372 N.E.2d at 908.

■ In the case at bar, we conclude that plaintiff failed to plead sufficient facts showing that she met the due diligence requirement of a section 2—1401 petition. The allegedly new evidence that plaintiff presents, *i.e.*, the depositions of Parikh and Cabin, is simply not new. Parikh and Cabin were known and available to plaintiff prior to the time of the summary judgments for Patel and Steiner. Thus, plaintiff could reasonably have obtained their depositions before the entry of the judgments. This fact, standing alone, would require us to affirm the trial court's denial of the petition.

■ Plaintiff, however, contends that she exercised due diligence in presenting the evidence from Parikh and Cabin. Plaintiff alleged in her section 2—1401 petition not only that the affidavits of Patel and Steiner contradicted the depositions of Parikh and Cabin, but also that the affidavits of Patel and Steiner were false, misleading, and perjurious. Plaintiff further alleged that their lies prevented her from deposing Parikh and Cabin earlier. Plaintiff is correct that the fraudulent concealment of evidence is a factor in determining whether a section 2—1401 petitioner exercised due diligence in discovering and presenting the ground for relief. (*Malek*, 152 Ill. App. 3d at 497-98, 504 N.E.2d at 895-96.) Courts reason that when an opponent suppresses information, as to prevent the inquirer from realizing what has occurred, the failure to discover the information is the result of the opponent's fault and not the inquirer's negligence. 152 Ill. App. 3d at 499, 504 N.E.2d at 897, quoting *Ostendorf*, 89 Ill. 2d at 284-85, 433 N.E.2d at 258.

■ We reject plaintiff's contention. Plaintiff's argument contains a crucial assumption, which she asserted in her petition, maintained in her appellate brief, and stressed at oral argument. Plaintiff assumes that because Patel and Steiner swore that they played a limited role in her care and treatment, and because Parikh and Cabin swore that Patel and Steiner had the overall responsibility for her care and treatment, Patel and Steiner, therefore, must be liars and their affidavits must be perjurious.

This assumption is fallacious and fatal to her argument. It is quite settled that a judgment is not set aside simply because the losing party comes into court and boldly asserts that it was premised on false facts. (*Filosa v. Pecora* (1974), 18 Ill. App. 3d 123, 128, 309 N.E.2d 356, 360.) Where a section 2—1401 petition seeks relief based upon alleged perjured testimony, it must be shown by clear, convincing, and satisfactory evidence that the testimony was not only false, but that it was willfully and purposely falsely given. *David v. Retire-*

*ment Board* (1972), 4 Ill. App. 3d 221, 225, 280 N.E.2d 735, 738.

Plaintiff's section 2—1401 petition falls far short of this mark. Plaintiff failed to allege any facts even remotely demonstrating that Patel and Steiner willfully and purposely lied in their affidavits. Simply put, contradictory testimony between two pairs of witnesses, standing alone, does not establish one pair of witnesses to be liars any more than the other pair. Rather, they have created a disputed issue of fact.

In the case at bar, plaintiff had the opportunity to discover, and could reasonably have discovered, the disputed issue of fact regarding the extent of Patel's and Steiner's involvement in her case and treatment, prior to the entry of the summary judgments. She failed to do so. We hold that the trial court did not abuse its discretion in denying plaintiff's section 2—1401 petition to vacate the summary judgments for Patel and Steiner.

For the foregoing reasons, the order of the circuit court of Cook County, which denied plaintiff's section 2—1401 petition, is affirmed.

Affirmed.

JOHNSON and McMORROW, JJ., concur.