BEVERLY BANK, Plaintiff-Appellee, *v.* PENTAGON INVESTMENT COMPANY *et al.*, Defendants-Appellants.

First District (3rd Division)    No. 79-2147

Opinion filed October 14, 1981.

William T. Halvorsen, of Chicago, for appellants.

Joseph A. Coakley, of Oak Lawn, for appellee.

Mr. JUSTICE WHITE delivered the opinion of the court:

This is an appeal from an order of the circuit court of Cook County entered on November 28, 1979, denying a petition filed under section 72 of the Illinois Civil Practice Act. The only question presented on appeal is did the trial court abuse its discretion when it entered the order. We hold it did not.

Beverly Bank was the holder of an installment note secured by a trust deed on certain real estate located in Cook County, Illinois. The trust deed, executed on May 29, 1968, named Instant Clean, Inc., as mortgagor and Beverly Bank as trustee. Subsequently, this real estate was conveyed by Instant Clean, Inc., to Dan Terzakis and Vicki Terzakis, his wife; Eleftherios Chronopoulos and Martha Chronopoulos, his wife; Petros Nikitas and Mary Kaye Nikitas, his wife; Theodor G. Spyropoulos and Erika Spyropoulos, his wife; and Tom Katris and Helen Katris, his wife. As part consideration for the conveyance, the above-named individuals executed an agreement on July 31, 1972, whereby they assumed the mortgage indebtedness.

On October 7, 1965, Beverly Bank filed a complaint to foreclose the mortgage. The defendants included: Pentagon Investment Company, a partnership; Instant Clean, Inc.; Danny Terzakis, Theodor G. Spyropoulos, Terry Chronopoulos and Petros Nikitas, doing business as Pentagon

Investment Company; and all of the above named individual grantees from Instant Clean, Inc. Appearances were filed by Pentagon Investment Company, and all the individual defendants, except Eleftherios and Martha Chronopoulos. Pentagon Investment Company, Dan Terzakis and Vicki Terzakis also filed an answer to the complaint.

On June 21, 1977, plaintiff moved to default Mr. and Mrs. Theodor G. Spyropoulos, Mr. and Mrs. Tom Katris, and Mr. and Mrs. Petros Nikitas for failure to answer or otherwise plead to the complaint. On December 22, 1977, a default judgment was entered against these defendants. This order also granted plaintiff's motion for summary judgment, and entered judgment for Beverly Bank and against defendants Dan Terzakis, Vicki Terzakis and Pentagon Investment Company. On the following day, a decree of foreclosure was entered by the trial court.

Pursuant to the decree of foreclosure, the real estate was sold by the sheriff at a public sale to Beverly Bank for $15,000. On February 9, 1978, the trial court entered an order approving sheriff's report of sale and distribution. The trial court found that there was a deficiency of $48,811.24, and judgment was entered against certain defendants, including Theodor Spyropoulos, Erika Spyropoulos, Tom Katris, Helen Katris, Petros Nikitas, Mary Kaye Nikitas, and Vicki Terzakis, for $48,811.24.

On September 20, 1978, these defendants, through their attorneys, Burke, Nash and Shea, Ltd., filed a petition to set aside and vacate the order approving sheriff's sale and distribution and report thereof pursuant to section 72 of the Illinois Civil Practice Act. This petition was subsequently amended, and on September 12, 1979, the amended petition was denied.

On November 5, 1979, Pentagon Investment Company and the same defendants except Vicki Terzakis by their attorney, William T. Halvorsen, filed a second petition to vacate and set aside the decree of foreclosure, and order approving sheriff's sale and distribution and report in accordance with section 72 of the Illinois Civil Practice Act. On November 28, 1979, the trial court heard arguments of counsel and entered an order denying this petition. It is from this order that these petitioners appeal.

Section 72 of the Civil Practice Act provides a procedure for obtaining relief by petition from final orders, judgments and decrees after 30 days from the date of entry thereof. (Ill. Rev. Stat. 1979, ch. 110, par. 72; *David Plywood & Lumber Co. v. Sloan* (1977), 52 Ill. App. 3d 71, 74, 367 N.E.2d 101.) This section enables a party to bring before the court rendering a judgment facts not appearing of record which, if known to the court at the time the judgment was entered, would have prevented its rendition. (*Esczuk v. Chicago Transit Authority* (1968), 39 Ill. 2d 464, 467,

236 N.E.2d 719; *American Reserve Corp. v. Holland* (1980), 80 Ill. App. 3d 638, 643, 400 N.E.2d 102.) A petition under section 72, however, is not intended to relieve a party from the consequences of his own mistake or negligence, and a petitioner must show "that through no fault or negligence of his own, the error of fact or the existence of a valid defense was not made to appear to the trial court." (*Esczuk*, 39 Ill. 2d 464, 467; *Brockmeyer v. Duncan* (1960), 18 Ill. 2d 502, 505, 165 N.E.2d 294; *Eastman Kodak Co. v. Guasti* (1979), 68 Ill. App. 3d 484, 487, 386 N.E.2d 291.) Section 72 "was never intended to give a party a new opportunity to do that which should have been done in an earlier proceeding." *Petrauskas v. Motejunas* (1971), 133 Ill. App. 2d 293, 296, 272 N.E.2d 805.

■■ The burden is upon a petitioner under section 72 to allege and prove facts sufficient to justify relief (*Esczuk*, 39 Ill. 2d 464, 467), and the quantum of proof necessary to sustain a section 72 petition is a preponderance of the evidence. (*Holland*, 80 Ill. App. 3d 638, 643; *David Plywood & Lumber Co.*, 52 Ill. App. 3d 71, 74.) When seeking relief from a default judgment, the petition must affirmatively set forth facts showing both the existence of a meritorious defense and the exercise of due diligence on the part of the petitioner in presenting both a defense to the lawsuit and the section 72 petition. (*Holland*, 80 Ill. App. 3d 638, 643; *David Plywood & Lumber Co.*, 52 Ill. App. 3d 71, 74-75.) In order to obtain relief from a default judgment under that section, a petitioner must show that his failure to defend against the lawsuit was the result of an excusable mistake and that he acted reasonably, and not negligently, when he failed to initially resist the judgment. *Holland*, 80 Ill. App. 3d 638, 643; *David Plywood & Lumber Co.*, 52 Ill. App. 3d 71, 75.

Furthermore, it is well settled that a section 72 petition is addressed to the sound discretion of the trial court, and that a reviewing court is justified in disturbing the judgment of the trial court on such a petition only when there has been an abuse of discretion. *Holland*, 80 Ill. App. 3d 638, 643; *David Plywood & Lumber Co.*, 52 Ill. App. 3d 71, 74; *Taylor v. City of Chicago* (1975), 288 Ill. App. 3d 962, 965, 329 N.E.2d 506.

In the instant case, a default judgment was entered against each of the individual petitioners and summary judgment was entered against petitioner Pentagon Investment Company. These petitioners now contend that certain letters and a statement obtained by them on October 15, 1979, and attached to their petition justify relief under section 72.

The new evidence consisted of (1) a letter dated June 12, 1974, from Richard T. Hardy, Jr., vice president of Beverly Bank, to Pentagon Investments in care of "Danny Boy" Terzakis concerning a building violation on the mortgaged property; (2) a letter dated August 24, 1974, from Hardy to Pentagon Investments in care of "Danny Boy" Terzakis concerning unpaid real estate taxes on the mortgaged property; (3) a

letter dated November 8, 1974, from Hardy to "Danny Boy" Terzakis, Pentagon Investments requesting a response to the second letter; (4) a check dated August 20, 1975, made payable to the order of Beverly Bank for $815 and signed by Vicki Terzakis; and (5) a statement dated December 31, 1977, from Beverly Bank to Pentagon Investment Company to assist Pentagon in the preparation of its income tax return.

Petitioners-appellants' briefs do not indicate how the three letters from Hardy or the check are material. Their petition suggests that these letters, the check, and the December 31, 1977, statement indicated that the bank had released the individual petitioners from their obligation on the trust deed and note.[1] The petition, in fact, alleged that between 1972 and 1974 petitioners Tom Katris, Petros Nikitas, and Theodor Spyropoulos sold their interest in Pentagon Investment Company to Dan "Danny Boy" Terzakis, that Beverly Bank accepted and acknowledged this sale, and that Beverly Bank orally released the individual petitioners from their obligation on the trust deed and note. We do not understand how the new evidence indicates that Beverly Bank released the individual petitioners of their liability for the mortgage indebtedness. Furthermore, with respect to the alleged oral release, we note that the petition alleges that such a release occurred between 1972 and 1974. No reason is given for the failure to raise this alleged defense in response to the complaint to foreclose or in the first section 72 petition. In fact, no excuse or explanation is given for the individual petitioners' failure to answer or defend the lawsuit. The individual petitioners have failed to demonstrate the exercise of due diligence in presenting any alleged defense on the basis of an oral release.

Furthermore, we conclude that neither the three letters from Hardy nor the check are material because they are not evidence of a release of the individual petitioners by Beverly Bank. They are not of such a character that, if known to the trial court at the time judgment was entered, they would have prevented its rendition.

■■ The statement from Beverly Bank dated December 31, 1977, requires special attention. That statement indicated that Pentagon Investment Company's balance as of that date was $21,765.72. Thus, the statement suggests that the deficiency in the amount of $48,811.24 was too great. This apparent inconsistency, however, is explained by the uncontroverted affidavit of Richard T. Hardy, which explained that the statement reflected the principal balance, less amounts charged to the bank's bad debt reserve, and plus miscellaneous charges such as court costs. The affidavit also stated that the statement was mechanically produced and erroneously mailed to Pentagon Investment Company and that the statement did not reflect the balance owed to Beverly Bank, but was a

---

[1] This argument by petitioners is apparently concerned only with the liability of the individual petitioners and not the liability of Pentagon Investment Company.

statement of internal bank accounting procedures. Under these circumstances, the trial court could properly conclude that the statement of December 31, 1977, was not inconsistent with the amount of deficiency found below.

■■ We also note that in order to obtain a new trial because of newly discovered evidence, it must appear that reasonable diligence was used to procure the evidence prior to trial. (*Petrauskas v. Motejunas* (1971), 133 Ill. App. 2d 293, 296, 272 N.E.2d 805; *Ulrich v. Glyptis* (1967), 79 Ill. App. 2d 447, 454, 224 N.E.2d 581.) The petition in the instant case, however, merely states, "That petitioners on or about the 15th day of October 1979, obtained copies of certain letters written and mailed by plaintiff BEVERLY BANK TO DANNY 'DANNY BOY' TERZAKIS, PENTAGON INVESTMENTS, * * *." No attempt is made to explain why the three letters dated in 1974 or the check dated in 1975 could not have been discovered or obtained prior to the entry of the default judgment and summary judgment. In fact, the petition does not even allege that petitioners did not have knowledge of these items prior to entry of the judgments.

■■ There is authority for the position that a default judgment may be set aside if justice and good conscience so require, even though there has been a lack of due diligence in presenting a defense. (*American Reserve Corp. v. Holland* (1980), 80 Ill. App. 3d 638, 646, 400 N.E.2d 102; *Burkitt v. Downey* (1968), 102 Ill. App. 2d 373, 377, 242 N.E.2d 901.) But, "the ambit of section 72 relief must not be overbroadened to such an extent that principles of equity and an ordered concept of justice are diluted." *Holland*, 80 Ill. App. 3d 638, 646; *David Plywood & Lumber Co. v. Sloan* (1977), 52 Ill. App. 3d 71, 75, 367 N.E.2d 101.

For the aforementioned reasons, we are of the opinion that the trial court did not abuse its discretion in denying the section 72 petition. Accordingly, the order of the circuit court of Cook County entered on November 28, 1979, is affirmed.

Affirmed.

RIZZI, P. J., and McNAMARA, J., concur.