TERRENCE J. MURRAY, Plaintiff-Appellee, *v.* TEDDY COCKBURN *et al.*, Defendants-Appellants.

Third District   No. 3—83—0580

Opinion filed May 31, 1984.

Walter Z. Rywak, of Masters & Stukel, of Joliet, for appellants.

Steven P. Polick, of Schlegel & Trafelet, Ltd., of Chicago, for appellee.

PRESIDING JUSTICE ALLOY delivered the opinion of the court:

Defendant Charles Cockburn appeals from the denial by the circuit court of his motion to vacate a default judgment and of his mo-

tion to reinstate a dismissed counterclaim. He also appeals from the denial of his petition to vacate the default judgment. (Ill. Rev. Stat. 1981, ch. 110, par. 2—1401.) The trial court refused to vacate the default judgment against Charles Cockburn. The issues on appeal are: (1) whether the default judgment against Charles Cockburn is totally void because the complaint fails to allege any cause of action against him; and (2) whether the court abused its discretion in failing to vacate the default judgment as requested by defense motion and petition.

The pertinent facts are that plaintiff Terrence Murray brought a small-claims *pro se* action against defendants Teddy Cockburn and Charles Cockburn. In the caption of the complaint, Charles Cockburn is designated legal guardian for Teddy. The complaint alleges damages of $1,384.58 plus costs under a claim for the defendant's "stealing my car and crashing it." No further factual allegations respecting the basis of the claim are set forth in the small-claims complaint filed by plaintiff Murray. On the return, after service, the defendant Charles Cockburn appeared, filed his general appearance and also a counterclaim. The matter was set for trial on May 12, 1983. On May 12, 1983, the case was called for trial, with both plaintiff and counsel for plaintiff appearing, but with neither defendant appearing. Evidence was presented indicating Teddy Cockburn's wrongful taking of plaintiff's auto and of damages in a collision. Further evidence was presented supporting defendant Charles Cockburn's liability under the Parental Responsibility Law (Ill. Rev. Stat. 1981, ch. 70, pars. 51 through 57) for the willful acts of the minor Teddy Cockburn. The court found the proofs sufficient and entered a default judgment against the defendants, jointly and severally, in the amount of $1,384.58. Appellant Cockburn's counterclaim was dismissed, on the court's motion, for want of prosecution. The court thereafter mailed notice of the dismissal of the counterclaim to the defendant Charles Cockburn. A citation to discover assets was issued in July 1983, commanding the defendant Charles Cockburn to appear for hearing on August 17, 1983. On August 11, he filed his motion to vacate judgment. Charles Cockburn's affidavit, attached, indicated that he did not operate the vehicle, that he was not involved in the collision, and that Teddy Cockburn was not his employee or agent during the occurrence giving rise to the claim. The motion argued that the complaint alleged no cause of action against Charles Cockburn and that the judgment was void for lack of jurisdiction. Motion was also made to vacate the dismissal of his counterclaim. Hearing was held and the motions were denied.

A motion for rehearing was filed, along with a petition to vacate default judgment, again under section 2—1401 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—1401). That motion asserted that Charles Cockburn had exercised due diligence in presenting the petition to vacate in that he was not notified of the default until his reception of the citation to discover assets. It made no mention of his diligence in following the case prior to judgment, nor asserted any excuse for his failure to "appear at the hearing on May 12, 1983. The motion did assert that he had a meritorious defense, in that he did not participate in the occurrence, nor was his codefendant an employee or agent. No defense to his liability under the Parental Responsibility Law was set forth in the petition. After hearing, the trial court denied defendant Charles Cockburn's motion and petition. This appeal followed.

■ The defendant initially raises the question of whether the default judgment against him is totally void because the plaintiff's complaint fails to allege any cause of action against him. The general rule is that in determining the adequacy of a complaint, the pleadings are to be liberally construed, with the aim of seeing substantial justice done between the parties. (*People ex rel. Scott v. College Hills Corp.* (1982), 91 Ill. 2d 138, 145, 435 N.E.2d 463.) Section 2—612(b) of the Code of Civil Procedure states that "[n]o pleading is bad in substance which contains such information as reasonably informs the opposite party of the nature of the claim or defense which he or she is called upon to meet." (Ill. Rev. Stat. 1981, ch. 110, par. 2—612(b).) This is particularly true in the small-claims area, where by Supreme Court Rule 282 (87 Ill. 2d R. 282), a small claim may be commenced by filing a "short and simple complaint setting forth (1) plaintiff's name, residence address, and telephone number, (2) defendant's name and place of residence, or place of business or regular employment, and (3) the nature and amount of the plaintiff's claim, giving dates and other relevant information." As the court noted in *Griffin v. Billberry* (1971), 1 Ill. App. 3d 219, 221-22, 273 N.E.2d 693:

> "The provisions of the Small Claims Act (ch. 110A, *supra*, pars. 281-288) are meant to provide a simplified and inexpensive procedure for small claims, and the rules are complete in themselves without reference to other rules (except as to the form of summons). See Smith-Hurd Annotated, ch. 110A, par. 282—Committee Comments; *Daily Journal v. Smith* (1969), 118 Ill. App. 2d 411, 415. The complaint was sufficient to clearly notify the defendant of the nature of plaintiff's claim and thus to state a cause of action under which he could prove

negligence and the resulting injury."

The complaint in question in that case did not specifically allege any factual basis as to the elements of negligence, but merely that the defendant was indebted to the plaintiff for property damages arising from an automobile accident. (1 Ill. App. 3d 219, 221.) A similar conclusion was reached in *Megan v. L. B. Foster Co.* (1971), 1 Ill. App. 3d 1036, 275 N.E.2d 426. The question of the complaint's sufficiency rested upon whether it informed the defendant of the nature of plaintiff's claim. See also *Johnston v. Suckow* (1977), 55 Ill. App. 3d 277, 281, 370 N.E.2d 650.

■ The defendant assails the complaint in the instant case because it fails to specifically set forth, as a basis of Charles Cockburn's liability, the Parental Responsibility Law. Yet, viewed in its entirety, the complaint sets forth the theft of plaintiff's auto and resulting damages from that theft. Also, as a named defendant, Charles Cockburn is specifically designated as legal guardian in the caption. Under the liberal and simplified rules respecting small-claims practice, we find the complaint, as a whole, sufficient to inform the defendant Charles Cockburn that the claim is being made for the theft and damage of plaintiff's auto and that his involvement arises out of his position as guardian over Teddy Cockburn. We think the complaint is minimally sufficient to notify Charles Cockburn of the nature of plaintiff's claim against him. The failure to specifically base his liability in the complaint on the Parental Responsibility Law is not fatal. Had the complaint been challenged or questioned, plaintiff could have cured any deficiency by amending to specify that basis for Charles Cockburn's liability. No challenge or question was raised. In fact, Charles Cockburn appeared and filed a counterclaim, wherein his caption indicated Teddy Cockburn's status as a minor, and wherein his knowledge of the underlying facts of the claim is evidenced. We find no error in the court's failure to vacate the default based upon the argument of the defense that the complaint failed to state a claim, under small-claims procedures, against the defendant Charles Cockburn.

■ The defendant next contends that the court abused its discretion in denying his motion and petition to vacate the default judgment, and in support argues that the petition was facially sufficient to require that the default be vacated. We disagree. A petition under Rule 2—1401 is addressed to the sound discretion of the trial court. (*American Reserve Corp. v. Holland* (1980), 80 Ill. App. 3d 638, 643, 400 N.E.2d 102.) As the court noted in *American Reserve Corp. v. Holland* (1980), 80 Ill. App. 3d 638, 643-44, and also in *Beverly Bank v. Pentagon Investment Co.* (1981), 100 Ill. App. 3d 1074, 1077-78, 427

N.E.2d 835, 838:

> "The burden is upon a petitioner under section 72 [now 2—1401] to allege and prove facts sufficient to justify relief [citation], and the quantum of proof necessary to sustain a section 72 petition is a preponderance of the evidence. [Citations.] When seeking relief from a default judgment, the petition must affirmatively set forth facts showing both the existence of a meritorious defense and the exercise of due diligence on the part of the petitioner in presenting both a defense to the lawsuit and the section 72 petition. [Citations.] In order to obtain relief from a default judgment under that section, a petitioner must show his failure to defend against the lawsuit was the result of an excusable mistake and that he acted reasonably, and not negligently, when he failed to initially resist the judgment."

Petitioner Charles Cockburn failed to make the required showing in the instant case, as the trial court determined. His petition makes no assertion of due diligence in following the lawsuit or in presenting any defense. The focus of the allegation of due diligence in the petition is upon his diligence in presenting the petition, and not, as is also required, upon his diligence in presenting the defense. Moreover, the record indicates the contrary. Charles Cockburn appeared and filed a counterclaim. He had prior notice of the trial date, having been informed by the court. He failed to appear, and no sufficient reason or excuse was shown by him for that failure. Notice respecting unfavorable action on his counterclaim was mailed in May. The citation to discover assets was served on July 12. He failed to appear for the return date on the citation. Finally, on August 11, he filed his motion to vacate. Even apart from the question of his diligence in presenting the motion to vacate, the record, including defendant's own affidavits and sworn assertions, does not show due diligence in following the case presenting his defense. Nor does the affidavit of his son, Teddy, blaming the failure to appear on counsel, establish due diligence. That affidavit was filed with the circuit court on November 1, 1983, some two months after the order denying the petition and motion, and some months after the filing of notice of appeal from the court's decision. It cannot be used to belatedly establish a necessary fact that was not established at the proper time before the trial judge.

■ Finally, the allegation of a meritorious defense is based upon defendant's sworn statement that Teddy Cockburn was not his employee or agent at the time of the theft of the auto and the resulting damages. The question of his liability under the Parental Responsibil-

ity Law, upon which liability was premised by the court, is not addressed in the affidavit or the sworn petition to vacate. It is not a defense to liability under that law that the minor was not also an employee or agent.

In summary, we find the petition and its supporting evidence insufficient to establish due diligence and a meritorious defense, and accordingly, we find no abuse of discretion in the court's refusal to vacate its prior default judgment against defendant Charles Cockburn.

■■ A final matter concerns the amount of judgment against defendant Charles Cockburn. The court entered judgment against him for $1,384.58, while the express limit of liability under the Parental Responsibility Law is $1,000. (Ill. Rev. Stat. 1981, ch. 70, par. 55.) Plaintiff's counsel conceded in argument before the trial court on defense motions that $1,000 was the limit of liability for Charles Cockburn and that such was the intent, force and effect of the judgment entered against him on May 12, 1983. Accordingly, we hereby amend the judgment against Charles Cockburn, and reduce the amount to the statutory limit of $1,000.

The judgments of the circuit court of Will County are affirmed, except that the judgment against defendant Charles Cockburn is hereby amended and reduced to the amount of $1,000.

Affirmed, with an amendment of the amount of judgment.

STOUDER and BARRY, JJ., concur.