*In re* ESTATE OF MYRON J. NAKAERTS, Deceased (Armand Nakaerts, Ex'r of the Last Will and Testament of Myron J. Nakaerts, Petitioner-Appellant, *v.* Patricia Nakaerts, Respondent-Appellee).

Third District   No. 3—83—0771

Opinion filed July 20, 1984.—Rehearing denied August 22, 1984.

Ronald E. Boyer, of Watseka, for appellant.

Leonard F. Sacks, of Kankakee, for appellee.

JUSTICE STOUDER delivered the opinion of the court:

The trial court entered a judgment holding that the respondent, Patricia Nakaerts, was entitled to a surviving spouse's award and al-

lowing her to renounce the will of the deceased, Myron J. Nakaerts. Armand Nakaerts, the executor of Myron's estate and the petitioner, sought relief from the judgment under section 2—1401 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—1401), formerly section 72 of the Civil Practice Act. The court denied the executor's petition. It is from that denial that the executor appeals.

The case has a lengthy history involving both dissolution and probate proceedings. Patricia and Myron were married in 1960. Two children were born of the marriage. In 1966 the couple executed a postnuptial agreement and property settlement. That agreement did not condition its validity on separation or divorce. In essence, each of the parties agreed to own his or her separate property free from any interest of the other, not to renounce any will of the other, and to waive a surviving spouse's award.

In March 1977, Patricia filed for divorce from Myron and for temporary custody and support. The court awarded Patricia temporary custody, support and maintenance. On May 22, 1978, the trial court found grounds for a dissolution and orally entered a judgment of dissolution of marriage. The court continued the cause to hear evidence on questions of child custody, support, property division and maintenance. The court did not enter a written order of dissolution.

On September 29, 1978, Myron died. Myron's will was admitted to probate and the executor appointed. Based on the executor's sworn evidence, the court entered an order establishing heirship which stated that Patricia's and Myron's marriage had ended in divorce. Thereafter, Patricia, acting as surviving spouse, filed a renunciation of the will and a demand for her statutory share of Myron's estate. The executor filed a motion to strike the renunciation on alternative grounds. The executor's motion was based on allegations that either the couple's marriage was dissolved prior to Myron's death or the couple's 1966 post-nuptial agreement prohibited Patricia from renouncing Myron's will.

In January 1979, Patricia filed a petition in the probate proceedings for, *inter alia*, a surviving spouse's and a minor dependent child's award. In his answer to Patricia's petition the executor denied that Patricia was a surviving spouse.

In February 1981, the court held a hearing on the executor's motion to strike Patricia's renunciation of the will. At that hearing, the executor moved to withdraw as an issue in the case that there was a valid judgment of dissolution. The executor's stated reason for the motion was that there was no formal judgment of dissolution entered prior to Myron's death. The court struck the prior dissolution ground

in the executor's motion to strike. Ultimately, the court found that based on the post-nuptial agreement Patricia had released her right to renounce. The court granted the executor's motion to strike the renunciation and denied Patricia's petition for a spouse's award.

On May 18, 1981, Patricia filed a notice of appeal from the court's order. We reversed and remanded the case in *In re Estate of Nakaerts* (1982), 106 Ill. App. 3d 166, 435 N.E.2d 791. On appeal neither party argued that Patricia's and Myron's marriage may have been dissolved so that Patricia was not a surviving spouse. Insofar as it is relevant to the current appeal, the first appeal held only that the post-nuptial agreement not to claim a surviving spouse award or renounce was abrogated. We held, then, that despite the agreement, Patricia was entitled both to receive a surviving spouse's allowance and to renounce Myron's will and receive a widow's intestate share of the estate. The mandate was issued on May 24, 1982.

Concurrent with the probate proceedings Patricia pursued the dissolution proceedings that began before Myron's death. On March 26, 1981, Patricia filed a motion to substitute the executor as the defendant in the dissolution case. On April 16, 1981, Myron's representative moved to dismiss the dissolution proceedings alleging that when Myron died prior to the entry of a formal judgment of dissolution, the court lost jurisdiction of the parties and the subject matter.

On May 22, 1981, the court issued a memorandum opinion in the dissolution proceedings. In that opinion the court acknowledged that the probate proceedings had proceeded on the assumption that no dissolution had occurred. Nevertheless, the court found that the dissolution action did not abate upon Myron's death. The court further found that the court's oral dissolution order of May 22, 1978, could be construed to dissolve the marriage. Additionally, the court found that the post-nuptial agreement did not control Patricia's and Myron's rights upon dissolution. The court allowed Patricia's motion to substitute the executor as party defendant and denied the executor's motion to dismiss for abatement. On November 12, 1981, the court entered a final order dividing Patricia's and Myron's marital property and disposing of all issues remaining in the dissolution. The appellate court was not informed of these post-death dissolution proceedings.

On January 21, 1983, following both the final order in the dissolution proceedings and the issuance of the mandate on the appeal in the probate proceedings, the executor filed the petition for post-judgment relief which is the subject of the current appeal. In the petition the executor prayed for the court to vacate any judgment entered pursuant to the appellate decision which allows Patricia to renounce My-

ron's will and to claim a surviving spouse's award. The petition was in two counts.

In count I the executor alleged that the dissolution court's memorandum opinion of May 22, 1981, held that a final judgment of dissolution was entered on May 22, 1978, prior to Myron's death. The executor further alleged that at the probate hearing on the executor's petition to strike the renunciation, all parties assumed that Patricia and Myron were married as of Myron's death.

Additionally, the executor alleged that based on the final judgment of the dissolution court, the judgment of the appellate court was based upon a material error of fact: that Patricia was Myron's surviving spouse. Count I alleged lastly that had the probate or appellate court known of the error, Patricia would have been barred any relief as a surviving spouse.

In count II of the petition the executor realleged that in the probate hearing on renunciation all parties assumed that Patricia was Myron's surviving spouse. The executor further alleged that in the dissolution proceedings, which involved the same subject matter as the probate proceedings, Patricia took the inconsistent position that her marriage to Myron was dissolved prior to Myron's death. Finally, the executor alleged that based on her inconsistent position in the dissolution proceedings Patricia should be barred and estopped from claiming that she is Myron's surviving spouse.

The parties argued the petition at a hearing. The court made a careful procedural review of the relevant litigation as well as a thorough review of the arguments presented. The court then denied the petition. The executor brought the instant appeal.

On appeal the executor presents the sole issue of whether the trial court erred in denying his section 2—1401 petition. He presents two arguments. First, he argues that because she sought and received a judgment that her marriage was dissolved at the time of Myron's death, Patricia is barred under either the doctrine of election of remedies, estoppel, or *res judicata* from receiving from Myron's estate as the surviving spouse.

Second, he argues that a section 2—1401 petition is an appropriate approach to relief from the inconsistent judgments in this case. Specifically, in his second argument the executor contends that the court could have granted his petition despite the appellate court's decision allowing Patricia a surviving spouse's award. He also contends that the issue of Patricia's and Myron's marital status was not *res judicata* upon its withdrawal from the probate proceedings. Lastly, the executor contends that the parties' failure to litigate the marital

status in the probate proceedings does not bar 2—1401 relief. The executor argues that this is not a case of the executor's negligence. Rather, the executor argues, he withdrew a defense which he believed not to be meritorious based on his justifiable determination that there was no dissolution.

■■ ■ To warrant post-judgment relief under section 2—1401 the petitioner must demonstrate by a preponderance of the evidence the existence of a meritorious defense or claim, due diligence in presenting this defense or claim in the original action, and due diligence in filing the petition for relief. The petitioner must also show by a preponderance of the evidence that through no fault or negligence of his own an error of fact or a valid defense or claim was not made to appear to the trial court at the time the challenged judgment order or decree was entered. (*Mitchell v. Seidler* (1979), 68 Ill. App. 3d 478, 386 N.E.2d 284.) Whether to grant a section 2—1401 petition is within the sound discretion of the trial court. An appellate court will disturb a judgment on a petition only when the trial court has abused its discretion. *Beverly Bank v. Pentagon Investment Co.* (1981), 100 Ill. App. 3d 1074, 427 N.E.2d 835.

■■ We acknowledge, as the trial court did, that denying the petition leaves intact an anomalous situation where Patricia is treated as Myron's surviving spouse in one cause and as Myron's former spouse following dissolution of their marriage in another. Nevertheless, we do not find that the trial court abused its discretion in denying the executor's petition. The trial court considered arguments similar to those which the parties presented before this court. It properly concluded that the executor had not adequately shown due diligence in the original action and an absence of fault.

The executor advanced no acceptable reason why he did not originally litigate the matter of dissolution in the probate proceedings. The facts upon which the court would determine Patricia's and Myron's marital status at Myron's death were fully known at the time of the original probate hearing on Patricia's renunciation. Additionally, if the executor had not withdrawn in the probate court his argument that the parties were divorced prior to Myron's death, the issue would have been resolved in the original probate action.

Accordingly, the judgment of the circuit court of Iroquois County is affirmed.

Affirmed.

ALLOY, P.J., and HEIPLE, J., concur.