ST. MICHAEL'S ORTHODOX CATHOLIC CHURCH, Plaintiff-Appellee, v. PREFERRED RISK MUTUAL INSURANCE COMPANY, Defendant-Appellant.

First District (2nd Division)   No. 85—3112

Opinion filed July 29, 1986.

Braun, Lynch, Smith & Strobel, Ltd., of Chicago (John J. Treacy, of counsel), for appellant.

Thomas P. Cernek of Chicago (Jeffrey T. Cernek, of counsel), for appellee.

JUSTICE STAMOS delivered the opinion of the court:

Defendant, an insurance company, appeals a decision in favor of its insured.

In September 1982, defendant's agent visited the plaintiff, St. Michael's Orthodox Catholic Church, to discuss insurance coverage with Wesley Stinich, a church trustee. According to Stinich, defendant's agent noted that the church interior had suffered some water damage. Stinich testified at trial that the damage was the result of a leaky roof. The church had experienced problems with its roof since 1979. In September 1980, plaintiff hired contractors to replace the roof, but this attempt at repair was unsuccessful, and the roof continued to leak. The roof was leaking in 1982 when the defendant's agent inspected the church property, and it was still leaking at the time of trial, according to Wesley Stinich.

Despite the fact that the church had suffered some water damage, defendant's agent issued an insurance policy on the property, effective November 1, 1982. In January 1984, Stinich submitted a claim and proof of loss for damage to the interior of the church. On its proof-of-loss statement, plaintiff noted that its loss had occurred on February 1, 1982, as the result of "roof leakage." Along with its claim, plaintiff submitted four estimates on repair of damage to the church. The average of these estimates was $23,600. From this figure, plaintiff deducted $7,629, an award it had received from the Allstate Insurance Company on a claim for damage to the altar area of the church.

Defendant denied plaintiff's claim because the loss occurred nine months prior to the issuance of plaintiff's insurance policy. Plaintiff then sued on the policy. At a bench trial, plaintiff produced two witnesses; one witness was church trustee Wesley Stinich and the other was an expert on repair of icons and church interiors who testified about the cost of repairing the damage to the church. The trial court found that at least part of the damage to the church occurred during the time that plaintiff was insured by the defendant. The court entered judgment in favor of the plaintiff for the entire amount of its claim against the defendant, plus a 17% increase in the cost of repair. Defendant now appeals.

Defendant contends on appeal that the trial court erroneously as-

signed to it the burden of proving that plaintiff's loss was not covered by the insurance policy in this case. The trial court noted that according to plaintiff's proof of loss statement, damage to the church occurred prior to the commencement of plaintiff's insurance coverage. The court concluded, however, that plaintiff's evidence showed that water damage to the church was a continuing problem that occurred both before and after the property was insured. According to the trial court, the plaintiff suffered at least part of its loss while it was insured by the defendant. The court determined further that defendant was entitled to a setoff on plaintiff's claim only if defendant were able to prove which part of plaintiff's loss antedated the inception of its insurance coverage. In the trial court's judgment, since the defendant had failed to supply such proof, plaintiff deserved to recover its entire claim.

Defendant argues that plaintiff had the burden of proving that its loss came within the coverage provided by its insurance policy. According to the defendant, plaintiff failed to meet this burden because Wesley Stinich admitted that the loss occurred prior to the inception of insurance coverage. Defendant notes further that although Stinich said the water damage worsened after the plaintiff was insured, plaintiff offered no proof as to which part of the damage occurred after November 1, 1982, the effective date of the policy.

■ Plaintiff argues that the defendant has waived its right to object to the judgment below because it filed a vague and inadequate post-trial motion. Plaintiff is unpersuasive in this regard. According to Supreme Court Rule 366, in nonjury cases, neither the filing nor failure to file a post-trial motion limits the scope of review. (87 Ill. 2d R. 366(b)(3)(ii).) Consequently, the quality of defendant's post-trial motion has no bearing upon his ability to make an argument on appeal.

■ ■ The defendant has not only preserved its objection, but has presented a convincing argument as well. The trial court misallocated the burden of proof in this case as the defendant contends. While the absence of coverage is sometimes a defense that an insurer may raise, the existence of coverage is an essential element of the insured's case, and the insured has the burden of proving that his loss falls within the terms of his policy. (*Gibson v. State Farm Insurance Co.* (1984), 125 Ill. App. 3d 142, 148, 465 N.E.2d 689; *Polzin v. Phoenix of Hartford Insurance Cos.* (1972), 5 Ill. App. 3d 84, 87, 283 N.E.2d 324; 19 G. Couch, Cyclopedia of Insurance 2d, sec. 79:345, at 290 (1983).) Once the insured has brought himself within the terms of his policy, then the insurer must prove the applicability of an exception in the coverage if it wishes to escape liability. *Rutgens Distributors, Inc. v.*

*United States Fidelity & Guaranty Co.* (1981), 94 Ill. App. 3d 753, 757-58, 419 N.E.2d 59; *Great Central Insurance Co. v. Harris* (1977), 46 Ill. App. 3d 542, 546, 360 N.E.2d 1151.

■ The issue in dispute here was whether plaintiff's loss fell within the terms of its insurance coverage. Plaintiff admitted in its proof-of-loss statement that its injury occurred prior to the effective date of its policy. A proof-of-loss statement is not always conclusive against the insured. (19 G. Couch, Cyclopedia of Insurance 2d, sec. 79:291, at 230 (1983).) However, when a proof-of-loss statement shows on its face that the insurer is not obligated, the insurer may rest its defense on such an admission. (19 G. Couch, Cyclopedia of Insurance 2d, sec. 79:298, at 240 (1983).) It was plaintiff's duty in this case to bring itself within the terms of coverage, and the court erred in assigning to the defendant the burden of proving affirmatively that plaintiff's loss was not covered by the insurance policy.

■ ■ Furthermore, evidence presented by the plaintiff at trial failed to meet its burden of proof. Plaintiff's proof-of-loss form stated that its loss occurred nine months before its property was insured by the defendant. Generally, insurance contracts are prospective in nature, and pre-existing losses are not insured. A contract may be made retroactive to cover a pre-existing loss if the parties agree for valuable consideration that the policy shall have that effect. (*Western Fire Insurance Co. v. Moss* (1973), 11 Ill. App. 3d 802, 811, 298 N.E.2d 304; 9 G. Couch, Cyclopedia of Insurance 2d, sec. 39:94 at 577 (1985).) Plaintiff offered no proof that the parties agreed to make their insurance contract retroactive. Wesley Stinich testified that he told defendant's agent that the church had suffered water damage because of a leaky roof. According to Stinich, the agent also observed for himself that the walls were water damaged. However, nothing in Stinich's encounter with the agent or in the contract itself indicated that the defendant intended to insure a pre-existing loss. In fact, Stinich testified that he understood that existing damage would not be covered by the policy.

Part of plaintiff's loss apparently occurred after the effective date of its insurance coverage with the defendant. According to Wesley Stinich, the plaintiff's roof continued to leak after the building was insured, and the water damage worsened. Plaintiff failed to distinguish, however, between the portion of its loss that occurred after it was insured and the portion that predated insurance coverage. At trial, plaintiff showed that it had a policy with the Allstate Insurance Company in 1979 when the church roof began to leak. Allstate paid a claim submitted by plaintiff in the amount of $7,529 for damage to

the altar area of the church and the rectory, and plaintiff deducted this payment from the claim it submitted to defendant. Despite this fact, plaintiff offered no evidence to show that payment from Allstate represented the amount of damage to the church interior that preceded the inception of plaintiff's insurance coverage with the defendant. Plaintiff may have been insured by Allstate and by defendant at the same time, or each company may have insured a different part of the church. It is simply impossible to determine from the record how plaintiff's claim with Allstate was related to plaintiff's claim with the defendant in the present case.

The burden rests upon the insured to prove that his loss resulted from a peril insured against. Where part of a loss resulted from a peril insured against and part from a peril not covered by insurance, the insured must show the amount of loss that is covered by his policy. (19 G. Couch, Cyclopedia of Insurance 2d, sec. 79:466, at 418 (1983).) Here, part of plaintiff's loss apparently resulted from a peril insured against since the defendant did not dispute that the policy provided compensation for water damage if the damage occurred after the commencement of coverage. However, part of plaintiff's loss clearly resulted from a peril that predated coverage. It was plaintiff's burden to show the extent to which its loss fell within the terms of its policy, and since the plaintiff failed to do so, judgment should not have been rendered in its favor.

In light of the foregoing, the judgment of the trial court is reversed and the cause remanded, and the trial court is directed to conduct such further hearings as may be consonant with the opinion of this court.

Reversed and remanded with directions.

BILANDIC, P.J., and HARTMAN, J., concur.