STEPHEN E. MINER, Plaintiff-Appellee, v. SHARON BRAY *et al.*, Defendants-Appellants.

Third District No. 3—86—0759

Opinion filed September 11, 1987.

James R. Patton, of Bozeman, Neighbour, Patton & Noe, of Moline, for appellants.

Francis Van Hooreweghe, of Moline, for appellee.

JUSTICE HEIPLE delivered the opinion of the court:

The plaintiff, Stephen E. Miner, a chiropractor, sued the defendants, Sharon Bray and State Farm Mutual Automobile Insurance Company, for his professional fees. The trial court granted the plaintiff judgment against both defendants for $1,879. The defendants appeal.

Bray was injured in an auto accident and went to the plaintiff for treatment. Prior to receiving treatment, she signed a contract assigning to the plaintiff, to the extent of her bill, any benefits claims she might have under a State Farm insurance policy. Both defendants later refused to pay the plaintiff, resulting in the instant small claims action.

On appeal, the defendants first argue that the trial court abused its discretion when it allowed the plaintiff to amend his complaint after he had rested his case. At the close of the plaintiff's case, the defendants moved to dismiss Bray from the suit. The defendants ar-

gued that the plaintiff had brought suit under the physician's lien statute and that Bray was not a proper party in such a suit. The plaintiff's counsel, though stating that he believed the complaint was sufficient, moved to amend the complaint to add a cause of action against Bray personally. The trial court denied the defendants' motion, without specifying whether it found that the complaint was sufficient or whether it was allowing the plaintiff's motion to amend.

■■ ■ Supreme Court Rule 282 (87 Ill. 2d R. 282) provides that a small claim may be commenced by "filing a short and simple complaint setting forth (1) plaintiff's name, residence address, and telephone number, (2) defendant's name and place of residence, or place of business or regular employment, and (3) the nature and amount of the plaintiff's claim, giving dates and other relevant information." (*Murray v. Cockburn* (1984), 124 Ill. App. 3d 724, 464 N.E.2d 842.) If a complaint in a small claims action clearly notifies the defendant of the nature of the plaintiff's claim, it states a cause of action. *Johnston v. Suckow* (1977), 55 Ill. App. 3d 277, 370 N.E.2d 650.

In the instant case, the plaintiff's complaint named Bray as a defendant and stated that "I, the undersigned, claim that the defendant is indebted to the plaintiff in the sum of $1,879.00 plus costs for enforcement of a statutory lien pursuant to Chapter 82, Sec. 101.1 *et seq.* and that the plaintiff has demanded payment of said sum; that the defendant refused to pay the same and no part thereof has been paid; that the defendant resides at ***." The address given was that of Bray, not State Farm. Further, an attached notice of lien, which was also served upon Bray, stated that she was liable to the plaintiff for $1,879.

■ The plaintiff's complaint provided all of the information required by Supreme Court Rule 282. It clearly alleged Bray's personal liability for the amount claimed. While it cited only the physician's lien statute, under the relaxed pleading standards of small claims court, the complaint and attached lien provided sufficient notice to Bray that she was required to appear and defend the action. Accordingly, the trial court properly denied the defendants' motion to dismiss Bray.

■ The defendants' second argument on appeal is that the trial court erred in entering judgment for the plaintiff, because the plaintiff's services were rendered on a "no out of pocket expense" basis. Specifically, the defendants point to the language in the contract assigning Bray's insurance benefits to the plaintiff. It states:

"I recognize that payment for services rendered by Doctor is due upon receipt of the services but that Doctor has agreed to

accept this Assignment as an accommodation to me and that Doctor may revoke this Assignment at any time.''

The defendants contend that the plaintiff never revoked the agreement and Bray is therefore not personally liable for her chiropractic bills.

When the terms of a contract are clear and unambiguous, they will be given their natural and ordinary meaning. *Wil-Shore Motor Sales, Inc. v. Continental Illinois National Bank & Trust Co.* (1984), 130 Ill. App. 3d 167, 474 N.E.2d 376.

■ The natural and ordinary meaning of the contractual clause in question empowered the plaintiff, at his discretion, to hold Bray personally liable for his services. The plaintiff's filing of the instant lawsuit, naming Bray as a defendant and providing her with the appropriate notice, clearly indicated that he was holding her personally liable for his services. The assignment does not limit notice of revocation to a specific procedure. Accordingly, we find that the plaintiff's actions in suing Bray provided her with sufficient notice that he was revoking his accommodation to her.

■ The defendants' third argument on appeal is that the plaintiff did not prove any contractual relationship between Bray and State Farm, nor the terms of the alleged policy.

A defendant in a small claims case need not file an answer to the complaint; its appearance is considered a denial of the allegations in the complaint. (*Wroclawski v. Waszczyk* (1976), 35 Ill. App. 3d 408, 342 N.E.2d 261.) While certain procedures are relaxed in small claims court, the use of short and simplified complaints makes it more compelling that a plaintiff prove his case at trial. (*Ryan v. Bening* (1978), 66 Ill. App. 3d 127, 383 N.E.2d 681.) The existence of coverage is an essential element of an insured's case against his insurer; the insured has the burden of proving that his loss falls within the terms of his policy. (*St. Michael's Orthodox Catholic Church v. Preferred Risk Mutual Insurance Co.* (1986), 146 Ill. App. 3d 107, 496 N.E.2d 1176.) An assignee stands in the shoes of his assignor, acquiring no greater rights than were possessed by the assignor. *Stavros v. Karkomi* (1976), 39 Ill. App. 3d 113, 349 N.E.2d 599.

■ We have examined the record in the instant cause and find that the plaintiff's case consisted almost entirely of evidence proving the assignment of Bray's rights and the value of the plaintiff's services. At one point, the plaintiff testified that State Farm was Bray's insurer and attempted to offer his business record stating this. Following State Farm's objection, the trial court refused to admit the record. The plaintiff did introduce a letter from State Farm asking

him to complete a standard report of the services he had rendered to Bray. The plaintiff offered no other evidence of why State Farm could be held liable to Bray.

We find that the letter from State Farm merely asked for more information on the plaintiff's claim for services rendered to Bray and did not admit that State Farm insured Bray. Further, the plaintiff's testimony that State Farm was Bray's insurer is insufficient by itself to establish a contract of insurance between Bray and State Farm, let alone the coverage of such a contract. Accordingly, we find that the plaintiff failed to establish a *prima facie* case that his services to Bray were covered by a State Farm insurance policy. We therefore reverse the trial court's decision holding State Farm liable to the plaintiff for $1,879.

Our determination renders moot the remainder of the defendants' arguments contesting State Farm's liability.

The judgment of the circuit court of Rock Island County finding Sharon Bray liable to the plaintiff for $1,879 is affirmed. The judgment of the circuit court finding State Farm liable to the plaintiff is reversed.

Affirmed in part; reversed in part.

SCOTT and WOMBACHER, JJ., concur.