IRVING BRONSTEIN, Plaintiff-Appellant, v. INA LIFE INSURANCE COMPANY OF NORTH AMERICA, Defendant-Appellee.

First District (3rd Division)  No. 1—89—1329

Opinion filed December 26, 1990.

John Thomas Moran, Jr., of Chicago, for appellant.

Michael K. Lulich, of Chicago, for appellee.

JUSTICE RIZZI delivered the opinion of the court:

Plaintiff Irving Bronstein filed a declaratory judgment action seeking a declaration that he is entitled to increased benefits pursuant to a certificate of insurance issued by defendant INA Life Insurance Company of North America under a group accidental death and dismemberment policy. The trial court entered summary judgment in favor of defendant. We affirm.

Plaintiff is an attorney and a member of the Illinois State Bar Association. The Illinois State Bar Association sponsored an accidental death and dismemberment group plan of insurance issued by defendant. Plaintiff applied and was accepted for coverage under the group plan and was issued a certificate of insurance with an effective date beginning February 1, 1983 (First Certificate). The First Certificate provides that in the event the plaintiff suffers a "loss resulting directly and independently of all other causes from bodily injuries caused by accident while the policy is in force as to" the plaintiff, the defendant will pay him monthly installment payments of 1% of a principal sum of $10,000. Plaintiff was involved in an accident on November 6, 1984, and he became disabled as of that date in accordance with the terms of the First Certificate. Thereafter, defendant began paying plaintiff monthly installments of 1% of the principal sum of $10,000 pursuant to the terms of the First Certificate.

In January 1988, through its authorized agent, defendant authorized a mailing to all members covered under defendant's accidental death and dismemberment group policy. The letter sent by defendant's authorized agent states: "Life Insurance Company of North America, the underwriting company, has arranged to add an additional $25,000 to your Accidental Death & Dismemberment coverage with no application or medical questionnaire required. To increase your benefit by $25,000, simply pay the premium amount indicated with an asterisk (*), and you will be mailed a Certificate evidencing the increase."

Plaintiff responded to the above letter by paying the premium amount indicated with an asterisk and was mailed a new certificate of insurance. The new certificate of insurance was issued with an effective date of February 1, 1988 (Second Certificate), and it provides for payment of monthly installments of 1% of the principal sum of $35,000 in the event the plaintiff suffers a "loss resulting directly and

independently of all other causes from bodily injuries caused by accident while the policy is in force as to" the plaintiff.

Defendant continues to pay plaintiff monthly installment payments of 1%of the principal sum of $10,000 as provided under its First Certificate, which was issued with the effective date of February 1, 1983. Plaintiff, however, contends that he is now entitled to be paid monthly installment payments of 1% of the principal sum of $35,000 as provided under defendant's Second Certificate, which was issued with the effective date of February 1, 1988. We disagree with plaintiff's contention.

■ Plaintiff argues that he is entitled to recover the amounts provided for under the Second Certificate, rather than the First Certificate, because the Second Certificate does not contain an exclusion regarding preexisting injuries and conditions. Plaintiff's argument is misfocused because this case does not involve an exclusion under the Second Certificate, rather it involves coverage under the Second Certificate. The effective date of coverage for the Second Certificate is February 1, 1988. This necessarily means that the event which triggers coverage under the Second Certificate must have occurred on or after February 1, 1988. Since plaintiff's accident and disability occurred prior to February 1, 1988, his disability is not covered under the Second Certificate.

■ When the terms of an insurance contract are clear and unambiguous, as in all other contracts where the terms are clear and unambiguous, it is the duty of the court to enforce the terms according to their plain meaning. (See *Thornton v. Illinois Founders Insurance Co.* (1981), 84 Ill. 2d 365, 418 N.E.2d 744; *Canadian Radium & Uranium Corp. v. Indemnity Insurance Co. of North America* (1952), 411 Ill. 325, 104 N.E.2d 250.) Here, the terms of the Second Certificate are clear and unambiguous. The plain meaning of the effective date that appears on the Second Certificate is that no coverage is afforded for accidents or injuries that occurred or existed prior to that time. It follows that it is this court's duty to hold that plaintiff's accident and disability, both of which occurred prior to February 1, 1988, are not covered under the Second Certificate. Plainly, there is no merit to plaintiff's argument.

■ Plaintiff also argues that "because terms and provisions of the new certificate are identical to the original, *** the new certificate should be deemed a single, continuing contract and the new limits applied to injuries which occurred after the date of the original certificate on February 1, 1983." Plaintiff's argument fails because on February 1, 1988, defendant's contract with plaintiff was different

than the previous contract in two material and substantial aspects. First, the effective date of insurance coverage changed from February 1, 1983 to February 1, 1988, and second, the principal sum used to compute any disability payment that would be required to be paid changed from $10,000 to $35,000. Clearly, it cannot be gainsaid that the contract under the Second Certificate required the offer and acceptance of a new effective date, policy limit and premium. Thus, the terms and provisions of the Second Certificate are not identical to the First Certificate. There are material and substantial differences.

The insured has the obligation to plead and prove that his loss is within the terms and provisions of the insurance contract. (See *Miner v. Bray* (1987), 160 Ill. App. 3d 241, 244, 513 N.E.2d 580, 582; *Yates v. Bankers Life & Casualty Co.* (1953), 415 Ill. 16, 19, 111 N.E.2d 516, 517.) Since the pleadings and exhibits in this case are not sufficient to raise a factual issue as to whether the plaintiff's loss is covered under the Second Certificate, the trial court properly entered summary judgment in favor of the defendant.

Accordingly, the summary judgment entered in favor of the defendant is affirmed.

Affirmed.

CERDA, P.J., and WHITE, J., concur.