THIRD DIVISION 
 September 25, 1996

No. 1-94-3841

VILLAGE OF HOFFMAN ESTATES,

 Plaintiff-Appellant,

 v.

THE CINCINNATI INSURANCE COMPANY,

 Defendant-Appellee.)
)
)
)
)
)
)
)
)Appeal from the
Circuit Court of
Cook County.

Honorable
Everette A. Braden,
Judge Presiding.


 PRESIDING JUSTICE TULLY delivered the opinion of the court:
 Plaintiff, Village of Hoffman Estates (hereinafter Village), appeals from an
order of the circuit court of Cook County denying its motion for summary judgment
under section 2-1005 of the Code of Civil Procedure (735 ILCS 5/2-1005 (West 1992))
against defendant, Cincinnati Insurance Company, and granting defendant's cross-
motion for summary judgment against plaintiff. Jurisdiction is vested in this court
pursuant to section 6 of article VI of the Illinois Constitution (Ill. Const. 1970, art.
VI, 6) and Supreme Court Rule 301 (155 Ill. 2d R. 301).
 For the reasons which follow, we affirm.

 FACTUAL BACKGROUND

 Joe Marsala, a subcontractor and an employee of Prairie Materials, brought
suit in the circuit court of Cook County against defendants, including the Village,
Leopardo-Tektonic and many others, for the alleged personal injuries he sustained
when he fell off a platform on the job site (hereinafter this suit is known as the
Marsala complaint). Leopardo-Tektonic, and the others are not a party to this
appeal. The Village and Leopardo-Tektonic had entered into a construction contract. 
The Village was the owner of the construction project, and Leopardo-Tektonic was to
act as the general contractor for the project. Leopardo-Tektonic's responsibilities
would include supervising all the work, coordinating all the construction methods,
paying for all labor and materials and hiring a superintendent. In addition,
Leopardo-Tektonic was to purchase and maintain liability insurance.
 The Cincinnati Insurance Company (hereinafter Company) issued an insurance
policy to Leopardo-Tektonic. The Company also issued a General Change
Endorsement to the policy, which added the Village as an additional insured. The
endorsement provides, in pertinent part:
 "The 'Persons Insured' provision is amended to include as
 an INSURED the person or organization named above but
 only with respect to liability incurred solely as a result of
 some act or omission of the NAMED INSURED."
 (Emphasis added.)
The Marsala complaint alleged liability against both Leopardo-Tektonic and the
Village. The Village requested that the Company defend the Village in this action,
but the Company refused. Consequently, the Company filed a motion for summary
judgment, which the trial court granted and the Village now appeals. 

 ISSUE PRESENTED

 On appeal, plaintiff argues that the circuit court erred in finding that
defendant had no duty to defend plaintiff. Specifically, plaintiff contends that
defendant's refusal to defend was based on a vague, ambiguous exclusionary provision
contained in the endorsement. 

 OPINION

 On de novo review of an order granting summary judgment, a court of review
must ascertain whether the trial court properly concluded there were no genuine
issues of material fact and if there were none, whether judgment for the movant was
correct as matter of law. Federal Insurance Co. v. Economy Fire & Casualty Co., 189
Ill. App. 3d 732, 735, 545 N.E.2d 541 (1989). In the present case, we find the trial
court s ruling was proper under this standard.
 Plaintiff argues that potential coverage existed for the Village as an additional
insured under Leopardo's insurance policy. Specifically, plaintiff contends that the
endorsement was an ambiguous provision and can have more than one reasonable
construction. We disagree.
 We begin our analysis by noting that the general rule in Illinois is that a duty
to defend exists where a complaint alleges a cause of action within or potentially
within the coverage of an insured s policy with the underwriter. The corollary of this
rule is that an insurer has no duty to defend if the alleged facts fail to bring the case
within the policy s coverage. Dorre v. Country Mutual Insurance Co. 48 Ill. App. 3d
880, 883, 363 N.E.2d 464 (1977). In construing an insurance policy, a court's primary
function is to ascertain and enforce the intentions of the parties as expressed in the
agreement. Outboard Marine Corporation v. Liberty Mutual Insurance Co., 154 Ill.
2d 90, 607 N.E.2d 1204 (1992). The insured has the burden of proving that his loss
falls within the terms of the policy. St. Michael's Orthodox Catholic Church v.
Preferred Risk Mutual Insurance Co., 146 Ill. App. 3d 107, 496 N.E.2d 1176 (1986).
 The duty to defend a policy holder arises from the undertaking as stated in the
policy. Conway v. Country Casualty Insurance Co., 92 Ill. 2d 388, 442 N.E.2d 245
(1982). In determining if there is a duty to defend a particular lawsuit, the
underlying complaint and the insurance policy will be liberally construed in favor of
the insured, and all doubts and ambiguities will be resolved in favor of extending
coverage to the insured. United States Fidelity & Guaranty Co. v. Wilkin Insulation
Co., 144 Ill. 2d 64, 578 N.E.2d 926 (1991). If the policy's words are plain and
unambiguous, a court will afford them their plain, ordinary meaning and will apply
them as written. United States Fire Insurance Co. v. Schnackenberg, 88 Ill. 2d 1,
429 N.E.2d 1203 (1981). However, a court will not search for ambiguity where there
is none. Crum & Forster Managers Corporation v. Resolution Trust Corporation, 156
Ill. 2d 384, 620 N.E.2d 1073 (1993).
 In the present case, we find that the endorsement is plain and unambiguous. 
The endorsement specifically states that the Village is covered only if its liability was
predicated solely on the acts or omissions of Leopardo-Tektonic. The term "solely"
implies exclusively or entirely. By the express terms of the endorsement, Leopardo-
Tektonic's acts or omissions must be the sole ground for alleging liability against the
Village for coverage to apply. After carefully reviewing the record, we note that the
Marsala complaint alleged liability directly against both defendants, Leopardo-
Tektonic and the Village. Each allegation in each count, be it for negligence or a
violation of the Structural Work Act, is jointly and severally directed against "the
defendants, and each of them." We find that the Marsala complaint is not based
solely on the acts of Leopardo-Tektonic. Rather, the liability was alleged against
plaintiff directly. Thus, the explicit terms of the endorsement are not met, and
plaintiff is not covered under Leopardo's insurance policy. Accordingly, we affirm the
trial court's ruling in the granting of defendant's motion for summary judgment, as
defendant has no duty to defend or indemnify the Village as to the Marsala
complaint. 
 In light of the foregoing, we affirm the judgment of the trial court. 
 Affirmed. 
 CERDA and GALLAGHER*, JJ., concur.
 
*Justice Rizzi was on the original panel, but has retired. Justice Gallagher is now
on this panel, and has read the briefs and listened to the tapes from oral arguments.